IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JOHNAS ORTIZ,
Petitioner,

v.

RAPHAEL WILLIAMS, WARDEN, HRYCI,
CARL DANBERG, ATTY. GEN., STATE of DELAWARE,
Respondents.

Superior Court I.D. 0308001824
Civil Action No.
Case No. 06-260

"PETITION FOR WRIT OF HABEAS CORPUS"

FILED
APR 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

JOHNAS ORTIZ #305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809

# TABLE OF AUTHORITIES CITED


| CASES | PAGE NO. |
|---|---|
| Brown v. State, Del Supr. 793 A2d 306 (2002) | 3 |
| Collick v. State, Del. Supr. No. 212, 1998, 1998 WL 700170 (Aug. 10, 1998) | 2 |
| Gamble v. State, Del. Supr. 728 A2d 1171 (1999) | 2 |
| North Carolina v. Pearce, 89 S. Ct. 2072 (1969) | 3 |
| Ortiz v. State, Del. Supr. No. 415, 2005 (July 11, 2005) | 3 |
| Robb v. Pennsylvania R.R., 58 Del. 454, 210 A2d 709 (Sup. Ct. 1965) | 4 |
| State v. Ortiz, Del. Super. Ct. (I.D. No. 0308001824) | 4 |

| DELAWARE STATUTES AND CONSTITUTIONAL PROVISIONS | |
|---|---|
| Title 11 Del. C. § 3901 | 2 |
| Title 11 Del. C. § 4333 | 3 |
| Title 11 Del. C. § 4334 | 2 |
| Delaware Constitution of 1897, Art I § 9 | 3 |

| UNITED STATES CONSTITUTIONAL PROVISIONS | |
|---|---|
| U.S.C.A. Constitutional Amendment 1 | 3 |
| U.S.C.A. Constitution Amendment 5 | 3 |
| U.S.C.A. Constitution Amendment 14 | 3 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Jonnas Ortiz #305401,
Petitioner.
v.

Raphael Williams, Warden, HRYCI,
Carl Danberg, Atty. Gen., State of Delaware,
Respondents.

Supreme Court I.D. 0308001824
Civil Action No.
Case No.

## Petition for Writ of Habeas Corpus

## Parties

) Petitioner, Jonnas Ortiz, is currently a detainee at HRYCI, 1301 E. 12th St., Wilmington, DE.

) Respondent, Raphael Williams is Warden of HRYCI and currently custodian of petitioner's detention.

Respondent, Carl Danberg is Attorney General of the State of Delaware and representative of Dept. of Corrections ("DOC").

## Statement of Facts

) On October 1, 2003 petitioner plead guilty to one count of Possession of Burglar tools and one count of criminal impersonation. The State nolle prossed the remaining charges. On that date petitioner was sentenced as follows: Three years at level 5 suspended after 60 days for 6 months at level 4 home confinement and one year at level 3 probation. Effective: July 14, 2003.

) Petitioner served the 60 day Level 5 sentence[1]. After the 60 days, Petitioner was to be placed at Level 4 home confinement, but because space was not available, he remained at level 5 incarceration for an additional 56 days. Petitioner had been in Level 4 home confinement for 55 days when he violated probation on Jan. 8, 200[illegible]

) On January 8, 2004 Petitioner was arrested for violation of probation ("VOP") and sentenced on January 22, 2004 to two years nine months level 5 suspended for 6 months at level 4 work release and one year at level 3 probation. Effective: January 8, 2004. Petitioner was placed at Sussex Work Release Center on Jan. 27, 2004. During his stay at Sussex Work Release Center ("SWRC") petitioner was arbitrarily placed at Sussex Violation of Probation Center ("SVOP") by "DOC" officials to determine if a VOP hearing was necessary. Petitioner was at SVOP from April 27 to May 27, 2004 - 30 days - prior to being placed at "SWRC".

1. At time of sentencing, petitioner had already served approximately 45 days at Level 5. Consequently, his Level 4 sentence began prior to the imposition of the sentence.

) On September 1, 2004 petitioner was arrested for violating probation. Petitioner posted bail on September 10, 2004. A VOP hearing was held on September 13, 2004 and petitioner was sentenced by the Superior Court as follows: two years nine months level 5 suspended upon successful completion of "key" program for 6 months level 4 Plummer Center and balance at level 3. Effective: Sept. 13, 2004.

) Petitioner filed a pro se direct appeal, several motions for reduction, several motions for credit for time previously served, pursuant to Title 11 Del. C. 3901 (c), and petitioned the trial court for Writ of Habeas Corpus.[2] The trial court denied petitioner's motions.

) Petitioner completed "key" program on July 6, 2005 and thus served 9 months 23 days at level 5. After completing the "key" program, petitioner was to enter a level 4 work release program, but because space was not available, he remained in level 5 incarceration for an additional 65 days. Petitioner completed the level 4 work release portion of his sentence on December 12, 2005. He had been on level 3 probation for 60 days when he violated probation - February 10, 2006.

) On February 22, 2006 the Superior Court held a "VOP" hearing. Because of the absence of the Probation Officer and other circumstances, the hearing was postponed. Petitioner filed a pro se motion for post-conviction relief, pursuant to Superior Court Criminal Rule 61. That motion was denied by Superior Court on March 29, 2006.

## STATEMENT OF CLAIMS

) Petitioner asserts that the Superior Court sentence imposed on September 13, 2004 is illegal because it denies him credit for time he served when actually incarcerated pursuant to Title 11 Del. C. § 3901 (c); and, therefore, the sentence violates the double jeopardy provisions in both the United States Constitution and Delaware Constitution. After the September 13 hearing, the remaining term of petitioner's incarceration was calculated by the Court as two years and nine months. This was based on the inclusion of only three months credit for time previously served.

) The periods of level 5 incarceration — from July 17, 2003 to November 13, 2003; from January 8, 2004 to January 27, 2004; from April 22, 2004 to May 27, 2004; and, from September 1, 2004 to September 10, 2004 — should be credited towards petitioner's sentence.

) The Delaware Supreme Court has held: "that a defendant must be given level 5 credit for all prior time actually served at level 5 incarceration when further incarceration at level 5 is imposed after a probation violation." Gamble v. State, Del. Supr. 728 A2d 1171 (1999), 1172.[3] In Gamble the Delaware Supreme Court also

2. All motions were filed requesting credit against the Sept. 13, 2004 sentence for time previously served at level 5

3. See also Collick v. State, Del. Supr., No. 212, 1998, 1998 WL 700170, Holland, J. (Aug. 11, 1998); Title 11 Del. C. 4334(c)

Held that a defendant found guilty of probation violation is entitled to Level 5 incarceration credit for Level 5 time actually served while waiting for available space at Level 4 work release, at 1172. In Brown v. State, Del. Supr., 793 A.2d 306 (2002) the Delaware Supreme Court determined that a defendant is entitled to credit for time served after a probation violation. In Brown, it was argued that denying credit for the period of confinement at the VOP Center violates the double jeopardy provisions in the United States Constitution and Delaware Constitution.[4] The Delaware Supreme Court concluded "that [those] arguments should be addressed by the Superior Court upon remand", at 308-9. (Brown v. State, 793 A.2d 306, 309).

) Petitioner asserts that his current incarceration for VOP is illegal where the probation itself is fruit of an illegal sentence, imposed on September 13, 2004; the period of probation is not fixed by the court pursuant to Title 11 Del. C. 4333(a),(b).

) Petitioner further asserts that the state trial court acted unconstitutionally in failing to give him credit for time previously served at Level 5 and therefore fails to abide by statutory and constitutional laws.

) The factfinding procedure(s) employed by the state are not adequate where there is a clear need for meticulous computation of the time petitioner has previously served at Level 5 in order to give him full credit for that time.[5]

) In affirming petitioner's September 13, 2004 sentence the Delaware Supreme Court failed to abide by its own decisions. In Ortiz v. State, Del. Supr. No 415, 2005 (July ? 2005) the Delaware Supreme Court affirmed petitioner's sentence in agreeing with the State's argument that any time owed to him was "properly credited towards his... Level 4 work release sentence" (citation omitted); however, this is the same argument the Court rejected in Gamble v. State, Del. Supr. 728 A.2d 1171, 1172 (1999). The grant of a right of appeal must afford litigants equal rights in order to be constitutionally valid, under Art. I § 9 of Delaware Constitution of 1897.

) Petitioner has been denied due process of laws where his sentence has been enlarged and his sentence has exceeded the statutory limits provided by Delaware law. The "minimum requirements of due process" of the 14th Amendment have not been afforded.

) Petitioner also asserts that at the time of sentencing the "key" program was operating outside constitutional parameters. Petitioner asserted, or invoked his First Amendment rights once it was evident that the "key" program coerced participants to participate in Alcoholics Anonymous ("AA") meetings - considered religious for First Amendment purposes - by threat of sanctions and program write-ups (violations). Petitioner voiced his objection to being made to attend "AA" meetings to Russell Buskirk, State Director of Civigenics - which oversees the "key" program - as early as

4. See North Carolina v. Pearce, 89 S.Ct. 2072 nn.3,4 (1969); U.S.C.A. Const. Amend. 5

5. Such time must also be computed by "DOC" for determining credits for good time, etc.

January 2005. He also requested for the Sentencing Court to investigate his Constitutional Claim. Petitioner asserts that Civigenics Staff and the Superior Court failed to, or neglected to address his claim of First Amendment violation. Furthermore, the Superior Court issued a letter informing the petitioner that if he would not comply with the "key" program, he would be violated and resentenced.[6] Petitioner asserts that such action by the Court amounts to an arbitrary abolishment of his right of action to redress injury of his essential rights - and such unreasonable abolishment is prohibited by the Constitution.[7] Only after intervention by the ACLU of Delaware was petitioner's First Amendment claim addressed.

) Petitioner asserts that the Superior Court's failure to investigate his First Amendment Constitutional Claim constituted Government coercion in participating in "religion" or its exercise in direct violation of the Free Exercise and Establishment Clauses of the First Amendment of the U.S. Constitution, especially where petitioner was required to complete "key" program in order to be released from prison. Thus, this situation also renders the September 13, 2004 sentence illegal.

) There is an absolute miscarriage of justice where the Superior Court and Delaware Supreme Court deny Petitioner due process of law and fail to abide by Statutory and Constitutional laws.

) Petitioner asserts that the State remedies sought are ineffective where no relief was granted; and, he has exhausted all State remedies available.

RELIEF SOUGHT

WHEREFORE, Petitioner respectfully prays that this Honorable Court grant his Writ of Habeas Corpus and order his immediate release from custody; or, any other remedy the Court sees appropriate.

6. See State v. Ortiz, Sup Ct Crim. Docket #33, Letter from Judge Graves: 5/31/05 (0308001804)

7. ("In fact, it is the duty of the Courts to afford a remedy and redress for every substantial wrong...") Robb v. Pennsylvania R.R., 58 Del. 454, 210 A2d 709 (Sup. Ct. 1965). See also Art. I § 9 of Delaware Constitution of 1897.

4/13/06

Respectfully submitted,

[signature] #305401

Juanas Ortiz
HCYCI
1301 E. 12th St.
Wilmington, DE 19809

ORTIZ, J 305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809

WILMINGTON DE 197
17 APR 2006 PM 2 L

UNITED STATES POSTAGE * THIRTY-NINE CENTS * FRANKLIN 1706 1790

U.S.M.S.
X-RAY

Clerk
U.S. District Court
Lockbox 18
844 N. King St.
Wilmington, DE 19801

LEGAL