No. 06-260-SLR

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
MAY 23 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

JOHNAS ORTIZ - PETITIONER

VS.

RAPHAEL WILLIAMS, STATE OF DELAWARE,
CARL DANBERG - RESPONDENTS

PETITION FOR WRIT OF HABEAS CORPUS

JOHNAS ORTIZ # 305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809

# TABLE OF CONTENTS


| | |
|---|---|
| OPINIONS BELOW | 1 |
| JURISDICTION | 2 |
| STATEMENT OF CASE | 3 |
| STATEMENT OF CLAIMS (REASONS FOR GRANTING WRIT) | 5 |
| CONCLUSION | 7 |


## INDEX TO APPENDICES


APPENDIX A ORDER: DEL. SUPR. CT., AFFIRMING SEPT. 13, 2004 SENTENCE, ORTIZ v. STATE, No. 420, 2004 (STEELE, BERGER, JACOBS) (JULY 11, 2005)

APPENDIX B ORDER: DEL. SUPERIOR CT., DENYING POSTCONVICTION RELIEF, STATE v. ORTIZ, I.D. No. 0308001824 (ABLEMAN) (MARCH 29, 2006)

APPENDIX C SUPERIOR COURT CRIMINAL DOCKET (AS OF 3/10/06)

APPENDIX D MEMO: FROM MEGAN CARLTON, SECRETARY, KEY NORTH PROGRAM REGARDING CREDIT FOR EARNED GOOD TIME FROM OCTOBER 2004 TO JULY 14, 2005 (DATED: FEBRUARY 14, 2006)

APPENDIX E DELAWARE STATUTE: TITLE 11 DEL. C. § 3901; TITLE 11 DEL. C. § 4333; TITLE 11 DEL. C. § 4334 (PROVISIONS)

# TABLE OF AUTHORITIES CITED


| CASES | PAGE |
|---|---|
| BROWN V. STATE, DEL. SUPR. 793 A2d 306 (2002) | 4 |
| DELAWARE ALCOHOLIC BEVERAGE WHOLESALERS, INC. V. AYERS, DEL. SUPR. 504 A2d 1077 (1986) | 6 |
| GAMBLE V. STATE, DEL. SUPR. 728 A2d 1171 (1999) | 6 |
| JAMES V. STATE, 385 A2d 725 (DEL. 1978) | 5 |
| NORTH CAROLINA V. PEARCE, 89 S.Ct. 2072 (1969) | 4 |
| ORTIZ V. STATE, DEL. SUPR. No. 420, 2004 (JULY 11, 2005) | 4 |
| STATE V. ORTIZ, DEL. SUPER. I.D. No. 0308001824 | 3 |

| STATUTES AND RULES | |
|---|---|
| DEL. C. ANN., TITLE 11 § 3901 | 4 |
| DEL. C. ANN., TITLE 11 § 4333 | 5 |
| DEL. C. ANN., TITLE 11 § 4334 | 5 |
| DEL. C. ANN., TITLE 11 § 4381 | 4 |
| DEL. RULES ANN., SUPERIOR COURT CRIM. R. 61 | 4 |

| CONSTITUTIONAL LAW | |
|---|---|
| U.S.C.A. CONST. AMEND. 5 | 4 |
| U.S.C.A. CONST. AMEND. 14 | 5 |

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PETITION FOR WRIT OF HABEUS CORPUS

PETITIONER RESPECTFULLY PRAYS THAT A WRIT OF HABEUS CORPUS ISSUE TO REVIEW THE JUDGMENT BELOW.

OPINIONS BELOW

THE OPINION OF THE SUPREME COURT OF DELAWARE APPEARS AT APPENDIX A TO THE PETITION AND HAS BEEN DESIGNATED FOR PUBLICATION BUT IS NOT YET REPORTED.

THE OPINION OF THE SUPERIOR COURT, DENYING POSTCONVICTION RELIEF APPEARS AT APPENDIX B TO THE PETITION AND IS UNPUBLISHED.

# Jurisdiction

The date on which the Supreme Court of Delaware decided my case was July 11, 2005.
A copy of that decision appears at Appendix A

The date on which the Superior Court of Delaware denied postconviction relief was March 29, 2006.
A copy of that decision appears at Appendix B

Due to filing error by Prothonotary, the court did not have all the grounds I submitted for consideration (one page was double-sided). Upon requesting the court reconsider the postconviction motion, including all grounds, the court denied the request as a Motion for Reargument. Decision appears at Appendix B

The Jurisdiction of this Court is invoked under 28 U.S.C. § 2254.

# STATEMENT OF CASE

1) Petitioner was sentenced on October 1, 2003 to three years level V, suspended after sixty days for two years six months level IV, suspended after six months home confinement for one year at level III supervision. Effective date: July 24, 2003. Sentence imposed by Hon. Judge Richard Gebelein in Superior Court of New Castle County.[1]

2.) After the sixty day level V sentence was complete (Sept. 20, 2003 - based on short-term release date), Petitioner served an additional fifty-three days at level V while awaiting placement at level IV home confinement. On November 13, 2003 Petitioner was placed on level IV home confinement under supervision of Ofc. Brian Kennanen, after serving a total of 113 days at level V.

3.) On January 8, 2004 Petitioner was arrested for violation of probation ("VOP"). A VOP hearing was held in Superior Court of New Castle County on January 22, 2004. Petitioner was sentenced to two years nine months level V, suspended for two years six months level IV, suspended after six months level IV work-release for one year at level III supervision. Petitioner was placed at level IV work-release at Sussex Work Release Center ("SWRC") on January 27, 2004 after serving nineteen days at Sussex Violation of Probation Center ("SVOP"). During his stay at SWRC petitioner was arbitrarily placed at SVOP by Dept. of Corrections ("DOC") officials from April 27, 2004 to May 27, 2004 for an administrative sanction. Petitioner returned to SWRC on May 28, 2004.

4) On September 1, 2004 Petitioner was arrested for violation of probation. Petitioner posted bond on September 10, 2004, after serving ten days at level V. On September 13, 2004 Petitioner was sentenced to two years nine months level V suspended upon successful completion of Key Program for six months level IV Plummer Center, balance to be served at level III supervision. Effective: September 13, 2004. Sentence was imposed by Hon. Judge Peggy Ableman in Superior Court of New Castle County.

5.) After the September 13, 2004 VOP hearing, the remaining term of Petitioner's incarceration was calculated by the court as two years nine months (suspended for key program and decreasing levels of supervision). This was based on the inclusion of only ninety days credit for prior time served.

1. State v. Ortiz, Del. Super. Ct., Case No. 0308001824 (Oct. 1, 2003). At time of sentencing Petitioner's sixty day level V sentence was expired (Sept. 20, 2003) (ten days before sentence was imposed).

6.) On October 4, 2004 Petitioner filed a Direct appeal to the Supreme Court of Delaware[2] alleging that the September 13, 2004 Superior Court sentence violates the Double Jeopardy Clauses of the United States and Delaware Constitutions because punishment already exacted by time served was not fully credited towards the sentence.[3] Petitioner also argued that the Superior Court's sentence was illegal because it denies him credit for time he served when actually incarcerated.[4] Petitioner alleged that he is entitled to level V credit for the periods of incarceration – from July 24, 2003 to November 13, 2003; from January 8, 2004 to January 27, 2004; from April 27, 2004 to May 27, 2004; and, from September 1, 2004 to September 10, 2004 – towards the September 13, 2004 sentence. The Supreme Court of Delaware affirmed the judgment of the Superior Court on July 11, 2005,[5] holding that the sentence reflects "credit for 60 days of level V time..."

7.) Petitioner also filed pro se motions requesting credit against the Superior Court's September 13 sentence for the 169 days he served at level V, while awaiting placement at level IV, and while waiting to post bond. The Superior Court denied those motions. The Superior Court also denied Petitioner's writ of habeas corpus.[6]

8.) Petitioner served the level V and level IV portion of his sentence and was on level III probation for approximately fifty-eight days when he was arrested for violation of probation on February 9, 2006. Petitioner filed a postconviction motion pursuant to Superior Court Crim. R. 61 alleging that his sentence is illegal because it has not been properly credited for time already served and because the period of probation is not fixed in accordance to statute. The Superior Court denied the postconviction motion on March 29, 2006.[7]

9.) Petitioner asserts that he has been incarcerated since February 9, 2006 for violation of probation, and his continued detention is illegal; whereas, said probation is fruit of an illegal sentence which was imposed on September 13, 2004. Petitioner also asserts that he is entitled to a total of 169 days credit for previous periods of incarceration at level V as mentioned above, towards the September 13, 2004 VOP sentence. The Court also failed to credit Petitioner's sentence with good time pursuant to Title 11 §4381 (Appendix D)

2. Ortiz v. State, Del. Supr. No. 420, 2004 (July 11, 2005)

3. See Brown v. State, Del. Supr. 793 A2d 306 (2002). Also North Carolina v. Pearce, 89 S.Ct. 2072; U.S.C.A. Const. Amend. 5.

4. Title 11 Del. C. §3901 (c) (Appendix E)

5. Opinion of Court, Ortiz v. State at Appendix A, p. 4.

6. See State v. Ortiz, Del. Super. Ct. Case No. 0308001824, Crim. Docket Sheet Nos. 35, 37, 40 (Appendix C

7. Order Denying Postconviction Relief, Dated: 3/29/06, Judge Ableman (Appendix B)

# STATEMENT OF CLAIM
## (REASONS FOR GRANTING PETITION)

10.) Petitioner's current detention is the result of an illegal sentence imposed by the Superior Court on September 13, 2004. Said sentence denies petitioner approximately 169 days Level V credit for previous periods of incarceration as alleged in paragraph six (6) of this petition, and, the period of probation is not fixed pursuant to statute. The Superior Court sentence therefore denies petitioner equal protection of the laws by treating him differently from similarly situated probation offenders.[8]

11.) The Superior Court failed to employ an adequate fact-finding procedure to determine the amount of Level V credit petitioner is entitled to for prior periods of incarceration. The two year, nine month suspended sentence imposed on September 13 reflects only three months credit towards the original three year Level V sentence. The Superior Court has failed to meticulously compute petitioner's prior periods of incarceration and credit his sentence according to statute,[9] wrongfully denying petitioner credit for time served at Level V.

12.) The September 13 sentence is illegal as it does not specify the length of the term of probation.[10] In responding to petitioner's postconviction motion the Superior Court held that: the period of probation under section 4333 is fixed, at most, at the length of your sentence.[11] The Superior Court's response is erroneous in that Delaware probationary statute states in part "The period of probation or suspended sentence shall be fixed by the court..."[12]

13.) Failure to fix the term of probation by the court allows "DOC" officials to determine the length of probation dependent upon petitioner's progress at Level V key and Level IV work-release. The Supreme Court of Delaware has held that reformation of a sentence remains a judicial function that may not be delegated to be performed administratively by correctional authorities.[13]

8. U.S.C.A. Const. Amend. 14. See also Brown v. State, Del. Supr. 793 A2d 306 (2002)
9. See Title 11 Del.C. § 3901 (c); Title 11 Del.C. § 4334 (c) (Appendix E)
10. Title 11 Del.C. § 4333 (b)(3) limits the period of probation to one year, which petitioner falls under
11. See Order denying postconviction relief, 3/29/06 (Judge Ableman), ~~p.2~~ (Appendix B, p.2)
12. Title 11 Del. C. § 4333 (a) (Appendix E)
13. See James v. State, 385 A2d 725, 727 (Del. 1978); Brown v. State, Del. Supr. 793 A2d 306, 308.

14) The Superior Court's failure to properly credit petitioner's sentence with prior periods of Level V incarceration and failure to fix the term of probation in accordance with statutory provisions constitutes error as a matter of law in formulating or applying legal principles; and, the Supreme Court of Delaware erred in failing to apply the appropriate standard of appellate review to determine whether the Superior Court committed such error.[14]

15) Petitioner is therefore placed twice in jeopardy of punishment for same offense where the total period of imprisonment will otherwise exceed the absolute statutory maximum (three years) imposed for the offense; and, petitioner will be caused to serve an increased or enlarged sentence in violation of the Fifth and Fourteenth Amendments, beyond the maximum fixed by law.

16.) The decision of the Supreme Court of Delaware affirming the judgment of the Superior Court's September 13, 2004 sentence[15] conflicts with its prior decisions in Gamble and Brown. In Gamble the Supreme Court of Delaware held that "a defendant who was found guilty of probation violations was entitled to Level V incarceration credit for Level V time he actually served while waiting for available space at Level IV work-release" (Gamble v. State, Del. Supr. 728 A2d 1171, note 3 (1999)). The Court in Gamble rejected the State's argument that the time Gamble served at Level V incarceration was properly credited towards the time he was supposed to serve at Level IV work-release;[16] however, this is the same exact argument the Supreme Court upheld in the petitioner's case in affirming the judgment of the September 13 Superior Court sentence,[17] giving petitioner credit for only sixty days.

17.) In Brown the Supreme Court of Delaware held that a defendant is entitled to credit for time served for the period he was incarcerated at Level V after violating probation.[18] The Court in Brown further concluded that the Superior Court should, upon remand, address Brown's argument that denying him credit for that period of confinement at the VOP Center violates the Double Jeopardy provisions in the United States Constitution and Delaware Constitution, Brown v. State, at 308-9.

14. See Delaware Alcoholic Beverage Wholesalers, Inc. v. Ayers, Del. Supr. 504 A2d 1077, 1081 (1986)

15. Ortiz v. State, Del. Supr. No. 420, 2004 (July 11, 2005)

16. Gamble, at 1172

17. Ortiz v. State, opinion, p. 4 (Appendix A); State's Answering Brief (copy unavailable)

18. Brown v. State, Del. Supr. 793 A2d 306, note 2 (2002)

18) By failing to resolve the factual dispute of a constitutional question of Double Jeopardy, the Superior Court and Supreme Court of Delaware have arbitrarily deprived petitioner of due process and equal protection of the law, and have therefore upheld a miscarriage of justice.

19) The state courts have failed to abide by statutory laws and prior court decisions governing the federal importance of fully crediting a defendant's sentence with prior periods of incarceration and the fixing of a defendant's sentence according to statutory provisions. Such an instance calls for an exercise of the District Court's supervisory power.

20) Petitioner has exhausted all state remedies; and, the merits of factual and legal dispute have not been resolved in state court(s).

21) Raphael Williams, Warden of HRYCI, 1301 E. 12th St., Wilmington, Delaware, is custodian of petitioner's detention.

22) Carl C. Danberg, Attorney General of the State of Delaware, is representative of Department of Corrections, and the State of Delaware.

## CONCLUSION

The petition for writ of habeas corpus should be granted.

Respectfully submitted,

[signature] #305401

5/15/06

No. 06-260-SLR

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JOHNAS ORTIZ - PETITIONER

VS.

RAPHAEL WILLIAMS, STATE OF DELAWARE,
CARL C. DANBERG - RESPONDENTS

PROOF OF SERVICE

I, JOHNAS ORTIZ #305401, DO DECLARE that ON May 15, 2006, I HAVE SERVED the ENCLOSED PETITION FOR WRIT OF HABEAS CORPUS ON the Attorney GENERAL'S OFFICE, BY DEPOSITING AN ENVELOPE CONTAINING the ABOVE DOCUMENTS IN the UNITED STATES MAIL ADDRESSED to:

CARL C. DANBERG
Attorney General of State of Delaware
820 N. FRENCH ST.
Wilmington, DE 19801

I DECLARE UNDER PENALTY of PERJURY that the FOREGOING IS TRUE AND CORRECT.

5/15/06

[signature] #305401



From: ORTIZ, J. #305401
HRYCI
1301 E. 12th Street
Wilmington, DE 19809

UNITED STATES POSTAL SERVICE
0000
AMOUNT $1.5

U.S.M.S. X-RAY

To: Office of the Clerk
U.S. District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801

ReadyPost®