IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHNAS ORTIZ,
PETITIONER

CIV. NO. 06-260-SLR

V.

RAPHAEL WILLIAMS, WARDEN, HRYCI,
CARL C. DANBERG, ATTORNEY GENERAL, STATE OF DELAWARE,
RESPONDENTS.




"APPENDIX TO PETITION FOR
WRIT OF HABEAS CORPUS"

Johnas Ortiz #305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHNAS ORTIZ, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 420, 2004 |
| | § | |
| | § | Court Below---Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr. A. No. VN03-08-1132-02 |
| | § | |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: April 29, 2005
Decided: July 11, 2005

Before **STEELE**, Chief Justice, **BERGER** and **JACOBS**, Justices

**ORDER**

This 11th day of June 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Johnas Ortiz, filed a pro se appeal from the Superior Court's September 13, 2004 violation of probation ("VOP") sentencing order.[1] We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In October 2003, Ortiz pleaded guilty to Possession of Burglar's Tools and Criminal Impersonation. He was sentenced to 3 years incarceration at

[1] Following an evidentiary hearing in the Superior Court, Ortiz was permitted to proceed pro se in this appeal by Order of this Court dated February 22, 2005. Supr. Ct. R. 19(c) and 26(d) (iii).

APPENDIX A

Level V, to be suspended after 60 days for 6 months of Level IV home confinement followed by 2 years of Level III probation.[2]

(3) At a hearing on January 22, 2004, Ortiz was found to have committed a VOP in connection with his October 2003 probationary sentences. His probation was revoked and he was sentenced to 2 years and 9 months of Level V imprisonment, to be suspended for 6 months Level IV work release followed by 1 year of Level III probation.[3]

(4) On September 13, 2004, a second VOP hearing was held. Again, Ortiz was found to have committed a VOP in connection with his October 2003 probationary sentences. His probation was revoked and he was re-sentenced to 2 years and 9 months of Level V imprisonment, to be suspended for successful completion of the Level V Key Program, to be followed by 6 months of Level IV Plummer Center, with the balance of the sentence to be served at Level III probation.

(5) In this appeal, Ortiz claims that his second VOP hearing was conducted in violation of his due process rights.[4] Specifically, he argues that he did not receive proper written notification of the hearing, was denied his right to

---

[2] At the time of sentencing, Ortiz also was found to have committed a VOP in connection with two earlier probationary sentences for drug possession and conspiracy.

[3] Because the sentencing order contained an erroneous effective date, a corrected order was entered on July 16, 2004.

[4] Super. Ct. Cr. R. 32.1(a).

present evidence and cross examine witnesses and was denied his right to counsel of his choice. Ortiz also claims that his VOP sentence is illegal because it does not specify when it terminates and does not give him credit for Level V time previously served. Finally, Ortiz claims that the Superior Court judge conducted the VOP hearing with a "closed mind."

(6) The transcript of the VOP hearing reflects that, before the proceedings began, Ortiz stated that he wished to be represented by private counsel rather than the public defender. When the Superior Court judge denied Ortiz' request to retain private counsel, Ortiz stated that he had "no problem" going forward with the hearing anyway, which is what occurred. The transcript further reflects that Ortiz conceded he missed seven of his scheduled weekly appointments with his probation officer between the dates of June 29 and August 10, 2004.[5] Given Ortiz' willingness to proceed with the hearing without private counsel and his admission that he did not attend the appointments with his probation officer, we find that there was a sufficient basis for the Superior Court's finding of a VOP[6] and no plain error in connection with the proceedings.

---

[5] While Ortiz testified that his job prevented him from making the appointments, the Superior Court judge, noting that Ortiz was familiar with how probation works, did not find that testimony to be credible.

[6] *Brown v. State*, 249 A.2d 269, 272 (Del. 1968).

(7) Ortiz' claim that his VOP sentence is illegal is without merit. The judge's ruling from the bench and the sentencing order appropriately specify the effective date and duration of the sentence. The total amount of time Ortiz must spend at Level V is dependent upon how quickly he completes the Key Program. Moreover, Ortiz' sentence was reduced from 3 years at Level V to 2 years and 9 months at Level V, reflecting credit for the 60 days of Level V time Ortiz originally served. Ortiz has presented no evidence that he has not been credited with the appropriate amount of Level V time served.

(8) Ortiz' final claim that the Superior Court acted with a "closed mind" at the VOP hearing is not supported by the record. While the judge found that Ortiz' explanation for failing to appear for his appointments with his probation officer was not credible, there is no indication that the judge either failed to permit Ortiz and his counsel to make the appropriate arguments on his behalf or failed to weigh the evidence fairly.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele
Justice

---

[7] *Bailey v. State*, 450 A.2d 400, 405 (Del. 1982) (it is the movant's burden to show that the judge imposed sentence with a "closed mind").

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

March 29, 2006

Mr. Johnas Ortiz
SBI# 305401
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

RE: State v. Ortiz
I.D. No. 0308001824

Dear Mr. Ortiz,

The Court is in receipt of your Motion for Postconviction Relief, filed with the Prothonotary March 6, 2006. Having reviewed your Motion and the record of your case it appears to this Court that your request must be **DENIED**.

You have alleged three grounds for relief. First, you contend that you have not been properly credited for time already served while awaiting sentencing. You argue that your sentence violates 11 *Del. C.* § 4333, which requires that a period of probation be fixed. You were sentenced to two years, nine months at level five, the balance to be served at level four after successful completion of the Key Program, suspended after six months with the remaining balance to be served at level three. You argue that "balance at level three" does not specify a fixed period of time. Finally, you argue that the Key Program, which you have already completed, violated your right to Free Exercise under the Constitution of the United States because the program includes mandatory attendance at Alcoholics Anonymous meetings.

Under Delaware law, when considering a motion for postconviction relief, this Court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may

APPENDIX B

consider the merits of defendant's postconviction relief claim.[1] Superior Court Criminal Rule 61(i)(1) provides that a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final. Because your sentence, imposed on September 13, 2004 on a violation of your probation conditions, was affirmed by the Supreme Court on July 11, 2005, you are within the one year limit. Accordingly, the Court will address the merits of your claims.

Your claim that you have not been credited for all the time you have earned has already been considered and rejected by this Court on September 10, 2004. Therefore, your claim is barred by Rule 61(i)(4) as formerly adjudicated and you are barred from reasserting this claim hereafter.

Your claim that your sentence does not meet the statutory requirement of "fixed" also has no merit. The period of your probation under Section 4333 is fixed, at most, at the length of your sentence. The fact that the level on which you serve is dependent on the progress you make is not only lawful but serves public policy interests in encouraging good behavior.

Finally, your argument that your rights were violated while at the Key Program by being forced to attend Alcoholics Anonymous, an organization that is "centered on a belief in a Supreme Being and require[s] participants to accept God as a treatment for their addictions"[2] is moot. According to the mootness doctrine, while there may have been a controversy involving your rights, your claim will be dismissed if that controversy ceases to exist.[3] You have already completed the Key Program. Additionally, although an exception to the mootness doctrine for situations capable of repetition that evade review exists, this is not the case. The letter from the ACLU attached to your motion indicates that Secular Organizations for Sobriety has already implemented an alternative secular program in Delaware prisons. Accordingly, your claim must be dismissed.

---

[1] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. Super. Ct. 1991) ; *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[2] *Rauser v. Horn*, 231 F.3d 330, 332 (3d Cir. 2001).

[3] *Gen. Motors Corp. v. New Castle County*, 701 A.2d 819, 823 (Del. 1997).

For the reasons set forth above, your Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

Yours very truly,

Peggy L. Ableman

Peggy L. Ableman

PLA:jmd
cc: Prothonotary

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

May 11, 2006

Mr. Johnas Ortiz
SBI# 305401
H.R.Y.C.I.
P.O. Box 9561
Wilmington, DE 19809

RE: State v. Ortiz
C.A. No. 0308001824

Dear Mr. Ortiz,

The Court is in receipt of your Motion for Reargument, filed with the Prothonotary April 26, 2006. For the following reasons, your motion must be **DENIED**.

You request reargument of the Court's Order of March 29, 2006. A motion for reargument must be served and filed within five days of the filing of the order sought to be reargued.[1] The Superior Court does not have authority to extend the time for reargument.[2] Because you did not file your motion until nearly one month after the entry of the order, your motion must be denied as untimely.[3]

For the reasons set forth above, your Motion for Reargument is **DENIED**.

**IT IS SO ORDERED**.

Yours very truly,

Peggy L. Ableman

Peggy L. Ableman

PLA:jmd
cc: Prothonotary

---

[1] Super. Ct. Civ. R. 59(e) (made applicable by Super Ct. Crim. R. 57(d)).
[2] *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971).
[3] *Tatem v. State*, 2004 WL 1965586 (Del. Supr.).

SUPERIOR COURT CRIMINAL DOCKET ( as of 03/10/2006 )



State of Delaware v. JOHNAS J ORTIZ DOB: /1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: PRO SE , Esq.
JOHNUS J ORTIZ
JOHN DOE
JASON SANTANA
JUAN E JAMES
JOHNSON J ORTIZ
JAMES WALLACE
JOHNSON ORTIZ
JUAN ORTIZ

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 0308001824 | N03081130 | PFBPP | NOLP | 10/01/2003 |
| 002 | 0308001824 | N03081131 | POSS DESTR WEAP | NOLP | 10/01/2003 |
| 003 | 0308001824 | N03081132I | POSS BURG TOOL | PG | 10/01/2003 |
| | 0308001824 | VN0308113201 | VIOL O/PROBATN | VF | 01/22/2004 |
| | 0308001824 | VN03081132R1 | VIOL O/PROBATN | VF | 09/13/2004 |
| | 0308001824 | VN0308113203 | VIOL O/PROBATN | | |
| 004 | 0308001824 | N03081133I | CRIM IMPERSON | PG | 10/01/2003 |
| 005 | 0308001824 | N03081134 | AUTH FOR PHO FP | NOLP | 10/01/2003 |
| 006 | 0308001824 | N03081135 | FICT/CNCLD REG | NOLP | 10/01/2003 |
| 007 | 0308001824 | N03081136 | DR LIC SUSP/REV | NOLP | 10/01/2003 |
| 008 | 0308001824 | N03081137 | LOITER | NOLP | 10/01/2003 |

| No. | Event Date | Event | Judge |
|---|---|---|---|

41 08/14/2003
CASE ACCEPTED IN SUPERIOR COURT.
ARREST DATE: 08/07/2003
PRELIMINARY HEARING DATE: 08/14/2003
(CASE ACCEPTANCE NOT DOCKETED AT TIME CASE WAS RECEIVED FROM CCP. DOCKETED 12/12/05.)

1 09/08/2003
CONFLICT LETTER FILED BY J. DALLAS WINSLOW, ESQ.
P. VEITH, ESQ. ASSIGNED. ORDER SENT TO JUDGE HERLIHY FOR SIGNATURE.

09/10/2003 GEBELEIN RICHARD S.
FAST TRACK CALENDAR, CONTINUED.
DEFENSE REQUEST-NEW ATTY.

2 09/12/2003 HERLIHY JEROME O.
ORDER: PETER VEITH, ESQ. APPOINTED TO REPRESENT DEFENDANT.

3 09/15/2003
ACKNOWLEDGEMENT SIGNED BY COUNSEL: IT IS MY UNDERSTANDING THAT I AM

APPENDIX C

State of Delaware v. JOHNAS J ORTIZ DOB: /1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: JUAN ORTIZ

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | TO REPRESENT DEFENDANT. ATTORNEY: PETER VEITH, ESQ. | |
| 4 | 10/01/2003 | INFORMATION AND WAIVER OF INDICTMENT FILED. | GEBELEIN RICHARD S. |
| 5 | 10/01/2003 | FAST TRACK CALENDAR, PLED GUILTY. SENTENCED IMMEDIATELY. | GEBELEIN RICHARD S. |
| 7 | 10/01/2003 → Effective Date 7/17/03 ? | SENTENCE: ASOP ORDER SIGNED AND FILED 10/22/03. | GEBELEIN RICHARD S. |
| 6 | 10/21/2003 | MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE. REFERRED TO PRESENTENCE 10/23/03 FOR JUDGE GEBELEIN. | GEBELEIN RICHARD S. |
| 11 | 11/22/2003 | SENTENCE: VOP ASOP ORDER SIGNED AND FILED 1/30/04. | GEBELEIN RICHARD S. |
| 8 | 12/22/2003 | MOTION FOR MODIFICATION OF SENTENCE DENIED. SEE FILE FOR FULL ORDER. | GEBELEIN RICHARD S. |
| 9 | 01/08/2004 | ADMINISTRATIVE WARRANT FILED - LEVEL (4). PROBATION OFFICER: BRIAN KANANEN BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS: BAIL SET: HELD WITHOUT BAIL 0.00 VOP 1/22/04 AT 9:00 BEFORE J. GEBELEIN | REYNOLDS MICHAEL P. |
| 10 | 01/15/2004 | VIOLATION-OF-PROBATION REPORT FILED: ADMIN WARRANT RETURNED 1/8/04 PROBATION OFFICER: BRIAN R. KANANEN LEVEL: 4 HC VOP 1/22/04 RSG | GEBELEIN RICHARD S. |
| | 01/22/2004 | VIOLATION-OF-PROBATION HEARING: DEFENDANT FOUND IN VIOLATION. SENTENCED. | GEBELEIN RICHARD S. |
| 12 | 01/29/2004 | NOTICE OF UNPAID FINES AND PENALTIES PREVIOUSLY IMPOSED. COURT MAY TAKE THE FOLLOWING ACTION: CONTEMPT OF COURT, WAGE ATTACHMENT, DRIVER'S LICENSE CONFISCATION, CIVIL JUDGMENT, INCLUDE TAX REFUND SEIZURE, FIRST OFFENDER REIMPOSITION, SUMMONS, AND OTHER ACTIONS. DEFENDANT'S SIGNATURE ACKNOWELDGES RECEIPT OF NOTICE. | |
| 13 | 01/29/2004 | DEFENDANT'S PAYMENT AGREEMENT FILED. PAYMENT AMOUNT: $100.00 PAYMENT SCHEDULE: (MONTHLY) FIRST PAYMENT DATE: 02/06/04 | |
| 14 | 02/19/2004 | | GEBELEIN RICHARD S. |

State of Delaware v. JOHNAS J ORTIZ DOB: /1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: JUAN ORTIZ

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | PROGRESS REPORT FROM PROBATION AND PAROLE FILED. RECOMMENDATIONS: OTHER: PERMIT RESIDENT TO PARTICIPATE IN THE WORK RE-FERRAL PORGRAM. APPROVED BY JUDGE GEBELEIN ON 2/19/04. | |
| 15 | 04/16/2004 | WORK REFERRAL. DEFT COMPLETED 23 HOURS OF 23 HOURS OF WORK REFERRAL ORDERED. CREDITED: $141.45 APPLIED TO CRA #03-08-1132. | |
| 16 | 07/16/2004 | SENTENCE: CORRECTED ASOP ORDER SIGNED AND FILED 7/19/04. | GEBELEIN RICHARD S. |
| 17 | 08/17/2004 | VIOLATION-OF-PROBATION REPORT FILED: CAPIAS REQUESTED. PROBATION OFFICER: THOMAS W. LUNT LEVEL: III | GEBELEIN RICHARD S. |
| 18 | 09/01/2004 | CAPIAS RETURNED IN JP COURT 20 BAIL SET AT: HELD ON CASH BOND: 5,000 SUPERIOR COURT CAPIAS RETURN SCHEDULED FOR: 9/2/04 @ 8:30 | |
| 19 | 09/01/2004 | CAPIAS RETURNED IN SUPERIOR COURT. BAIL SET AT: CASH BAIL 1,000.00 100% VOP 9/13/04 AT 1:00 | VAVALA MARK STEPHEN |
| 20 | 09/10/2004 | BAIL POSTED IN THE AMOUNT OF $1000.00 CASH BY TOP BAIL SURETY. INC. | |
| | 09/13/2004 | VIOLATION-OF-PROBATION HEARING: DEFENDANT FOUND IN VIOLATION. SENTENCED. | ABLEMAN PEGGY L. |
| 21 | 09/13/2004 | SENTENCE: VOP ASOP ORDER SIGNED AND FILED 9/16/04. | ABLEMAN PEGGY L. |
| 22 | 09/23/2004 | CASH BAIL REFUND IN THE AMOUNT OF $ 1000.00 TO: TOP BAIL (VT) PICK-UP BY JOHN DONAHUE | |
| 23 | 10/08/2004 | LETTER FROM SUPREME COURT TO KATHLEEN FELDMAN, COURT REPORTER RE: A FORMAL NOTICE OF APPEAL WAS FILED IN SUPREME COURT ON 10/04/04. THE TRANSCRIPT IS DUE 11/15/04. 420, 2004. | |
| 24 | 11/03/2004 | MOTION FOR TRANSCRIPT FILED PRO SE. REFERRED TO JUDGE BABIARZ | |
| 25 | 11/24/2004 | LETTER FROM SUPREME COURT TO KIMBERLY SMAGALA, COURT REPORTER OFFICE RE: AN EXTENSION TO FILE TRANSCRIPT IS GRANTED, THE TRANSCRIPT | |

State of Delaware v. JOHNAS J ORTIZ DOB: l/1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: JUAN ORTIZ

| No. | Event Date | Event | Judge |
|---|---|---|---|

IS NOW DUE DECEMBER 15, 2004.
420, 2004

26 12/15/2004
TRANSCRIPT FILED.
VIOLATION OF PROBATION - SEPTEMBER 13, 2004
BEFORE JUDGE ABLEMAN

12/17/2004
RECORDS SENT TO SUPREME COURT.

27 12/27/2004
RECEIPT FROM SUPREME COURT ACKNOWLEDGING RECORD.

28 01/14/2005
MANDATE FILED: JURISDICTION RETAINED
SUPREME COURT CASE NO: 420, 2004.
ORDER: ORTIZ' PRO SE MOTION FOR A REMAND FOR AN EVIDENTIARY HEARING CONCERNING HIS REQUEST TO PROCEED PRO SE IS GRANTED.
CASE IS DUE TO BE RETURNED TO SUPREME COURT ON 02/11/05.

29 01/31/2005 ABLEMAN PEGGY L.
HEARING MOTION GRANTED FOR DEFENDANT TO CONTINUE CASE PRO SE

30 02/04/2005 ABLEMAN PEGGY L.
REPORT TO THE DELAWARE SUPREME COURT UPON REMAND CONCERNING APPELLANT'S MOTION TO PROCEED PRO SE:
GIVING THESE FINDINGS, IT IS THIS COURT'S CONCLUSION OF LAW THAT ORTIZ'S CHOICE TO PURSUE HIS APPEAL PRO SE, EVEN IF NOT THE WISEST DECISION, IS AT LEAST A RATIONAL ONE, AND IS KNOWING AND VOLUNTARY.
AS ORDERED: JUDGE ABLEMAN

31 02/04/2005 BABIARZ JOHN E. JR.
LETTER FROM JUDGE BABIARZ TO MR. ORTIZ. REL MOTION FOR TRANSCRIPTS.
IN WHICH YOU INDICATE YOUR WILLINGNESS TO PAY THE COST OF PREPARING OF YOUR VOP HEARING. PLEASE DIRECT YOUR REQUEST TO THE SUPERIOR COURT COURT REPORTERS OFFICE AND INCLUDE THE NAME OF THE PRESIDING JUDGE AND THE DATE OF THE PROCEEDING.

32 03/25/2005
DEFENDANT'S LETTER FILED.
REFERRED TO JUDGE GEBELEIN

33 05/31/2005 GEBELEIN RICHARD S.
LETTER/ORDER ISSUED BY JUDGE: GEBELEIN
I AM IN RECEIPT OF YOUR LETTER DATED MAY 20, 2005, INFORMING THE COURT OF YOUR INABILITY TO COMPLETE THE REQUIREMENTS OF YOUR SENTENCE. THIS LETTER IS TO INFORM YOU THAT IF YOU ARE UNABLE TO SUCCESSFULLY COMPLETE THE PROGRAM AS ORDERED, YOU WILL BE VIOLATED AND BOUHGT BACK TO COURT FOR APPROPRIATE SENTENCEING.
FURTHER, THE DEPARTMENT OF CORRECTION WILL NOTIFIY THE COURT AS TO

State of Delaware v. JOHNAS J ORTIZ DOB: /1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: JUAN ORTIZ

| No. | Event Date | Event | Judge |
|---|---|---|---|
| | | YOUR ABILITY TO SUCCESSFULLY COMPLETE ANY PROGRAMS ORDERED AND ACTION WILL TAKEN ACCORDINGLY. YOUR REQUEST FOR THE COURT TO INTERVENE IN THIS MATTER IS HEREBY DENIED. JUDGE GEBELEIN | |
| 36 | 08/10/2005 | MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE. REFERRED TO PRESENTENCE 8/24/05 FOR JUDGE ABLEMAN. | |
| 34 | 08/16/2005 | PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE) REFERRED TO JUDGE ABLEMAN DATE REFERRED: 08/17/2005 CIVIL CASE NO: 05M-08-058PLA | |
| 35 | 08/18/2005 | ORDER: WRIT OF HABEAS CORPUS PETITION: DENIED IT IS SO ORDERED. | ABLEMAN PEGGY L. |
| 37 | 09/07/2005 | ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED. DEFENDANT HAS ALREADY RECEIVED ALL THE CREDIT HE HAS EARNED. | ABLEMAN PEGGY L. |
| 38 | 09/07/2005 | LETTER FROM DREWRY NASH FENNELL TO JUDGE ABLEMAN RE: LETTER WRITTEN TO MR. RAPHAEL WILLIAMS, WARDEN OF THE HOWARD R. YOUNG CORRECTIONAL INSTITUTION, WITH RESPECT TO THE SENTENCE OF FORMER HRYCI INMATE JOHNAS ORTIZ. | ABLEMAN PEGGY L. |
| 39 | 09/14/2005 | MOTION FOR MODIFICATION OF SENTENCE FILED PRO-SE. REFERRED TO PRESENTENCE 10/04/05 FOR JUDGE ABLEMAN. | |
| 40 | 10/11/2005 | ORDER MOTION FOR MODIFICATION OF SENTENCE DENIED. CREDITS EARNED WRITE SERVING A LEVEL 5 SENTENCE CANNOT BE DEDUCTED FROM A LEVEL 4 SENTENCE. | ABLEMAN PEGGY L. |
| 42 | 01/19/2006 | DEFENDANT'S PAYMENT AGREEMENT FILED. PAYMENT AMOUNT: $50.00 PAYMENT SCHEDULE: (MONTHLY) FIRST PAYMENT DATE: 02/17/06 | |
| 43 | 02/10/2006 | ADMINISTRATIVE WARRANT FILED - LEVEL (3). PROBATION OFFICER: THOMAS LUNT BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS: BAIL SET: CASH BAIL 10,000.00 100% VOP 2/22/06 @ 9:00 | VAVALA MARK STEPHEN |
| 44 | 02/10/2006 | COMMITMENT TO DEPARTMENT OF CORRECTION. | VAVALA MARK STEPHEN |

State of Delaware v. JOHNAS J ORTIZ DOB: ,'1975
State's Atty: FRANCIS E FARREN , Esq. AKA: JOHNUS J ORTIZ
Defense Atty: JUAN ORTIZ

| No. | Event Date | Event | Judge |
|---|---|---|---|
| 45 | 02/15/2006 | SUBPOENA(S) MAILED. | SILVERMAN FRED S. |
| | 02/22/2006 | VIOLATION OF PROBATION CONTINUED<br>DEFENDANT'S REQUEST-OTHER CHARGES. Resched. 4/26/06<br>RE: AFTER DISPO OF NEW CHARGES | SILVERMAN FRED S. |
| 46 | 03/06/2006 | MOTION FOR POSTCONVICTION RELIEF FILED.PRO SE<br>RE: VOP 9/13/04<br>REFERRED TO JUDGE ABLEMAN | |

*** END OF DOCKET LISTING AS OF 03/10/2006 ***
PRINTED BY: CSCAHAI



# Memorandum

To: Records Department

CC: Johnas Ortiz – 00305401

From: Megan Carlton – Key North

Date: February 14, 2006

Re: Good Time

---

Please post the following good time for the above individual for his participation in the Key Program. His dates of participation are as follows:

| Month/Year | No. of Days |
|---|---|
| October 2004 | 2 |
| November 2004 | 2 |
| December 2004 | 2 |
| January 2005 | 2 |
| February 2005 | 2 |
| March 2005 | 2 |
| April 2005 | 2 |
| May 2005 | 2 |
| June 2005 | 2 |
| July 14, 2005 | 1.5 |

APPENDIX D

(1) "Malice" shall mean an intent to vex, annoy, harm or injure in any way another person, or to thwart or interfere in any manner with the orderly administration of justice.

(2) "Victim" shall mean any natural person against whom any crime (as defined under the laws of this State, of any other state or of the United States) has been attempted, is being perpetrated or has been perpetrated.

(3) "Witness" shall mean any natural person:

a. Having knowledge of the existence or nonexistence of facts relating to any crime; or

b. Whose declaration under oath is received, or has been received, as evidence for any purpose; or

c. Who has reported any crime to any peace officer, prosecuting agency, law-enforcement officer, probation officer, parole officer, correctional officer or judicial officer; or

d. Who has been served with a subpoena issued under the authority of any court of this State, of any other state or of the United States; or

e. Who would be believed by any reasonable person to be an individual described in any paragraph of this subdivision. (63 Del. Laws, c. 275, § 3.)

### § 3532. Act of intimidation; class E felony.

Except as provided in § 3533 of this title, every person who knowingly and with malice prevents or dissuades (or who attempts to prevent or dissuade) any witness or victim from attending or giving testimony at any trial, proceeding or inquiry authorized by law is committing an act of intimidation and is guilty of a class E felony. A person who knowingly and with malice retaliates against any victim or witness who has attended or given testimony at any trial proceeding or inquiry authorized by law by committing any crime as defined by the laws of this State against such victim or witness is committing an act of intimidation and is guilty of a class E felony. A person who knowingly and with malice attempts to prevent another person who has been the victim of a crime, or a witness to a crime (or any person acting on behalf of a victim or witness) from:

(1) Making any report of such crime or victimization to any peace officer, law-enforcement officer, prosecuting agency, probation officer, parole officer, correctional officer or judicial officer;

(2) Causing a complaint, indictment, information, probation or parole violation to be sought or prosecuted, or from assisting in the prosecution thereof; or

(3) Arresting, causing or seeking the arrest of any person in connection with such crime or victimization;

Is guilty of a class E felony. (63 Del. Laws, c. 275, § 3; 71 Del. Laws, c. 430, § 1.)

### § 3533. Aggravated act of intimidation; class D felony.

Every person doing any of the acts set forth in § 3532, of this title, knowingly and with malice under 1 or more of the following circumstances, shall be guilty of a class D felony if, in addition, such act:

(1) Is accompanied by an express or implied threat of force or violence, upon a victim, a witness or any third person (or upon the property of a victim, witness or third person);

(2) Is in furtherance of a conspiracy;

(3) Is committed by any person who has been convicted of any violation of this subchapter, any predecessor law hereto, the statute of any other state or any federal statute which would be a violation of this subchapter if committed in this State; or

(4) Committed, for pecuniary gain or for any other consideration, by any person acting upon the request of another person. (63 Del. Laws, c. 275, § 3.)

### § 3534. Attempt to intimidate.

Every person attempting the commission of any act described in §§ 3532 and 3533 of this title is guilty of the offense attempted, without regard to the success or failure of such attempt. The fact that no person was actually physically injured, or actually intimidated, shall be no defense against any prosecution under this subchapter. (63 Del. Laws, c. 275, § 3.)

### § 3535. Protective orders — Issuance.

Any court with jurisdiction over any criminal matter may in its discretion and upon good cause (which may include, but is not limited to, such matters as credible hearsay, the declaration of the prosecutor or the declaration of the defense attorney) find that intimidation or dissuasion of a victim or witness has occurred (or is reasonably likely to occur) and may issue orders including, but not limited to, the following:

(1) An order that a defendant not violate any provision of this subchapter;

(2) An order that a person before the court other than a defendant (including, but not limited to, a subpoenaed witness) not violate any provision of this subchapter;

(3) An order that a designated person maintain a prescribed geographic distance from any other person specified by the court;

(4) An order than any designated person have no communication whatsoever with any person specified by the court, except through an attorney, and under such reasonable restrictions as the court may impose;

(5) An order for a hearing to determine if any order under this section should be issued;

(6) An order that a particular law-enforcement agency within the jurisdiction of the court provide protection for a person specified by the court. (63 Del. Laws, c. 275, § 3.)

### § 3536. Same — Violations.

(a) A person who violates an order made pursuant to this subchapter may be punished for any substantive offense set forth in this subchapter.

(b) A person who violates an order made pursuant to this subchapter may be punished as a contempt of the court making such order. No finding of contempt shall be a bar to prosecution for a substantive offense under this subchapter, but:

(1) Any person so held in contempt shall be entitled to credit for any punishment imposed therein, against any sentence imposed upon conviction for that offense; and

(2) Any conviction or acquittal for any substantive offense under this subchapter shall be a bar to subsequent punishment for contempt arising out of the same act.

(c) A person who violates an order made pursuant to this subchapter may be punished by revocation of any form of pretrial release, by the forfeiture of bail and/or by the issuance of a bench warrant which requires the defendant's arrest or which remands the defendant into custody. Said revocation may, after a hearing, and upon a showing by a clear and convincing evidence in the sound discretion of the court, be made either where the violation complained of has been committed by the defendant personally, or has in any way been caused indirectly or through the encouragement of the defendant. (63 Del. Laws, c. 275, § 3.)

### § 3537. Pretrial release.

(a) Any pretrial release of any defendant (whether on bail or under any other form of recognizance) shall be deemed, as a matter of law, to include a condition that the defendant neither do, nor cause to be done, nor knowingly permit to be done on the defendant's behalf, any act proscribed by this subchapter hereof and any willful violation of said condition is subject to sanction as prescribed in § 3536 of this title whether or not the defendant was the subject of an order under § 3535 of this title.

(b) From and after June 22, 1982, any receipt or any bail or bond given by the clerk of any court, by any surety or bondsperson and/or any other form of conditional release shall contain, in a conspicuous location, notice that such bail bond, or other release, is conditioned upon strict adherence to the requirements and prohibitions of this subchapter. (63 Del. Laws, c. 275, § 3; 70 Del. Laws, c. 186, § 1.)



# CHAPTER 39

# SENTENCE, JUDGMENT, EXECUTION AND MANDATORY TESTING

**Subchapter I. Sentence, Judgment and Execution**


Sec.
3901. Fixing term of imprisonment; credits.
3902. Solitary confinement.
3903. Delivery of copy of sentence to warden.
3904. [Reserved.]
3905. Instructions on separate issues of guilt and insanity; instructions on verdicts.
3906. Domestic violence offenses.

**Subchapter II. Voluntary and Mandatory Testing of Offenders Convicted of Certain Sex Crimes**

3910. Definitions.
3911. Human immunodeficiency virus testing made available.
3912. Order to undergo human immunodeficiency virus testing.
3913. Test result not a public record.
3914. Test results; notification to Department of Corrections; counseling; cost; notice of appeal act to automatically stay order for HIV testing.

**Subchapter III. Mandatory Testing of Offenders Charged With Assault or Related Offenses Against Law-Enforcement Officers**

3915. Scope.
3916. Petition and hearing.
3917. Notice provided.
3918. Positive results; counseling; costs.


## *Subchapter I*

## *Sentence, Judgment and Execution*

### § 3901. Fixing term of imprisonment; credits.

(a) When imprisonment is a part of the sentence, the term shall be fixed, and the time of its commencement and ending specified. An act to be done at the expiration of a term of imprisonment shall be done on the last day thereof, unless it be Sunday, and in that case, the day previous. Months shall be reckoned as calendar months.

(b) All sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

(c) Any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence. Where a prisoner

(c) In the event that community service is imposed by the court as a condition of probation, noncompliance with the community service order shall constitute a violation of the conditions of probation.

(d) In the event that community service is imposed as the sole sanction by the court, noncompliance with the community service order shall constitute criminal contempt.

(e) The Department shall, by the promulgation of regulations or other appropriate standards, administer and enforce the terms of all court orders involving the imposition of community service. (67 Del. Laws, c. 316, § 2.)

**§ 4333. Period of probation or suspension of sentence; termination.**

(a) The period of probation or suspension of sentence shall be fixed by the court subject to the provisions of this section. Any probation or suspension of sentence may be terminated by the court at any time and upon such termination or upon termination by expiration of the term, an order to this effect shall be entered by the court.

(b) The length of any period of probation or suspension of sentence shall be limited to:

(1) Two years, for any violent felony in this title as designated in § 4201(c) of this title;

(2) Eighteen months, for any offense set forth in Title 16 of this Code; or

(3) One year, for any offense not otherwise specified in paragraphs (1) or (2) of this subsection.

(c) Any offender who is serving more than 1 sentence imposed fellowing convictions in more than 1 case shall not serve a consecutive period of probation or suspension of sentence that is in excess of the limitations imposed by subsection (b) of this section. Any sentence of probation or suspension of sentence (or any portion thereof) which, if served consecutively to another such sentence, would result in an aggregate sentence of probation or suspension of sentence in excess of the limitations impesed by subsectien (b) of this section shall be deemed to be concurrent to such other sentence. The provisions of this subsection shall not apply to a sentence imposed for a conviction involving an offense committed while the offender was serving a period of probation or suspension of sentence. The provisions of this subsection shall not apply to a sentence imposed for a conviction involving an offense committed while the offender was serving a period of probation or suspension of sentence.

(d) The limitutions set forth in subsections (b) and (c) of this section shall not apply:

(1) To any sentence imposed for a conviction of any sex offense as defined in § 761 of this title if the sentencing court determines on the record that a longer period of probation or suspension of sentence will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future;

(2) To any sentence imposed for any violent felony in this title as designated by § 4201(c) of this title if the sentencing court determines on the record that public safety will be enhanced by a longer period of probation or suspension of sentence; or

(3) To any sentence imposed for any offense set forth in the Delaware Code if the sentencing court determines on the record that a longer period of probation or snspension of sentence is necessary to ensure the collection of any restitution ordered, except that any period of probation ordered pursuant to this paragraph that is in excess of the limitations set forth in subsections (b) and (c) of this section sball be served at Accountability Level I - Restitution Only pursuant to the terms of § 4204(c)(10) of this title.

(e) The limitations set forth in subsection (b) and (c) of this section may be exceeded by np to 90 days by the sentencing court if it determines that the defendant has not yet completed a substance abuse treatment program ordered by the court, provided, that each extension of sentence ordered pursuant to this subsection shall be preceded by a hearing, and by a finding on the record, that snch extension of sentence is necessary to facilitate the completion of the substance abuse treatment program.

(f) Except as provided by subsection (g) of this section, in no event shall the total period of probation or suspension of sentence exceed the maximum term of commitment provided by law for the offense or 1 year, whichever is greater; provided, that in all cases where no commitment is provided by law the period of probation or suspension of sentence shall not be more than 1 year.

(g)(1) Any period of custodial supervision imposed pursuant to § 4204(l) of this title shall not be subject to the limitations set forth by this section.

(2) As used in this section, the phrase "period of probation or snspension of sentence" shall not include any period of a sentence that is designated by the sentencing conrt to be served at Supervision Accountability Level IV as defined in § 4204(c)(4) of this title.

(h) Notwithstanding any provision of this Code or court rule to the contrary, any superior court judge who is presiding over any proceeding at which an offender is seutenced or found to have violated any condition or term of an imposed period of probation or suspension of sentence shall be deemed to have jurisdiction over any sentence to a period of probation or suspension of sentence currently being served by the offender regardless of the court or county in which such sentence was originally imposed, and may modify, revoke or terminate any such period of probation or suspension of sentence.

(i) Notwithstanding any law, rule or regulation to the contrary, the Department shall have the authority without leave of the court to reclassify any offender serving a sentence of probation at Accountability Levels I, II or III between said levels as deemed necessary and appropriate by the Department, provided that at least 60 days has elapsed from the date on which such sentence was originally imposed, and provided that the Department shall first evaluate the offender using an objective classification tool designed to assist in the determination of the appropriate level of probation. Offenders shall be reevaluated and reclassified periodically as the Department deems necessary and appropriate.

(j) Notwithstanding any other provision to the contrary, the provisions of subsections (b), (c), (d) and (e) of this section shall be applicable to sentences imposed prior to June 1, 2003, only upon an order of the Court entered for good cause shown after its consideration of an application for sentence modification filed by the Department of Correction. (11 Del. C. 1953, § 4334; 54 Del. Laws, c. 349, § 7; 74 Del. Laws, c. 27, § 4; 74 Del. Laws, c. 88, §§ 1-4; 74 Del. Laws, c. 345, § 1.)

**§ 4334. Arrest for violation of conditions; subsequent disposition.**

(a) The court may issue a warrant for the arrest of a probationer for violation of any of the conditions of probation or suspension of sentence, or a notice to appear to answer to a charge of violation. Such notice shall be personally served upon the probationer. The warrant shall authorize officers to return the probationer to the custody of the court or to the Department.

(b) The Commissioner, or any probation officer, when in the Commissioner's or probation officer's judgment there has been a violation of any condition of probation or suspension of sentence, may arrest such probationer without a warrant, or may deputize any other officer with power of arrest to do so by giving that officer a written statement setting forth that the probationer has, in the judgment of the Commissioner or probation officer, violated the conditions of probation or suspended sentence. The written statement delivered with the probationer by the arresting officer to the official in charge of the place of detention shall be sufficient warrant for the detention of the probationer. When an arrest is made by a probation officer, the Department shall present to the detaining authority a written statement of the circumstances of violation. Provisions regarding release on bail of persons charged with crime shall be applicable to the probationers arrested under these provisions.

(c) Upon such arrest and detention, the Department shall immediately notify the court and shall submit in writing a report showing in what manner the probationer has violated the conditions of probation or suspension of sentence. Thereupon, or upon arrest by warrant as provided in snbsection (b) of this section, the court shall cause the probationer to be brought before it without unnecessary delay, for a hearing on the violation charge. The hearing may be informal or summary. If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

(d) Notwithstanding any provision of subsection (c) of this section or any other law, rule or regulation to the contrary, the Department is authorized to administratively resolve technical and minor violations of the conditions of probation or supervision at Accountability Levels I, II, III or IV when a sanction less restrictive than Level V is being sought by the Department as a result of the violation, and is further authorized to administratively resolve technical and minor violations of conditions of probation at Accountability Levels I, II, III, or IV by placing the probationer at Accountability Level IV for a period of not more than 5 days consecutively, and not more than 10 days in any 1 calendar year. The Department shall adopt written procedures providing for administrative review for all cases in which an offender is placed at Level IV pursuant to this subsection. All administrative dispositions imposed pursuant to this subsection shall be documented in the offender's record and sball be made available to the court in the event of a subsequent violation which is considered by the court. For the purposes of this subsection, the term "technical and minor violations of the conditions of probation or supervision" shall not include arrests or convictions for new criminal offenses. For the purposes of this subsection, the limits pertaining to the use of Level IV as administrative sanction for technical and minor violations of Level I, II or III shall not apply to the use of home confinement for such purposes.

(e) A probationer for whose return a warrant cannot be served, shall be deemed a fugitive from justice or to have fled from justice. If it shall appear that probationer has violated probation or suspended sentence, the court shall determine whether the time from issuing of the warrant to the date of the probationer's arrest, or any part of it, shall be counted as time served on probation or suspended sentence.

(f) The Justice of the Peace Court shall have jurisdiction over violations of probation where such probation or suspension of sentence was pursuant to an order of the Justice of the Peace Court. (11 Del. C. 1953, § 4335; 54 Del. Laws, c. 349, § 7; 66 Del. Laws, c. 133, § 1; 67 Del. Laws, c. 442, § 2; 70 Del. Laws, c. 186, § 1; 74 Del. Laws, c. 27, § 5; 74 Del. Laws, c. 322, § 4.)

**§ 4335. Presentenee investigations; Superior Court; Court of Common Pleas; Investigative Services Officers.**

(a)(1) *Chief Investigative Services Officer.* — The Superior Court and the Court of Common Pleas



See 32.1 ALSO