# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JOHNAS ORTIZ,                           :
                                        :
          Petitioner,                   :
                                        :
     v.                                 :          Civ. Act. No. 06-260-SLR
                                        :
RAPHAEL WILLIAMS, Warden,               :
and CARL C. DANBERG, Attorney           :
General of the State of Delaware,       :
                                        :
          Respondents.                  :

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254,

respondents state the following in response to the petition for a writ of habeas corpus:

The petitioner, Johnas Ortiz, in October 2003, pled guilty in Delaware Superior Court to

possession of burglary tools and criminal impersonation. He was immediately sentenced on the

burglary tools conviction to three years of incarceration at Level V, suspended after sixty days

for six months of Level IV home confinement followed by two years of Level III probation.

Ortiz was sentenced to pay a fine of $100 for his criminal impersonation conviction.[1]

On January 22, 2004, after a hearing, Ortiz was found to have violated the terms of his

probation as to his burglary tools sentence. His probation was revoked and he was re-sentenced

to two years and nine months of Level V imprisonment, suspended immediately for two years

and six months of Level IV work release, suspended in turn after six months for one year of

Level III probation. *See Ortiz v. State*, 2005 WL 1653718, *1 (Del. July 11, 2005). A second

---

[1] At the time of sentencing, Ortiz was also found to have committed a violation of probation in connection with two earlier probationary sentences for drug possession and conspiracy. *See Ortiz v. State*, 2005 WL 1653718, *1 n.2 (Del. July 11, 2005).

violation of probation hearing took place in September 2004, at which time Ortiz was again found to have violated the terms of his probation. His probation was revoked and he was immediately re-sentenced to two years and nine months of Level V incarceration, suspended after successful completion of the Key program and six months of Level IV work release for the balance at Level III probation. *Id.* Ortiz's 2004 sentence was affirmed on appeal. *Id.* Between July 2005 and February 2006, Ortiz filed two *pro se* motions for modification of sentence and a state habeas petition, all of which were unavailing. *See generally* Del. Super. Ct. Crim. Dkt. in ID No. 0308001824.

In February 2006, Ortiz was charged with another violation of probation. *See* Del. Super. Ct. Crim. Dkt. Item 43 in ID No. 0308001824. Subsequently, Ortiz filed a state postconviction motion and a motion to dismiss the new violation of probation charge, both of which were unsuccessful in providing relief. Ortiz did not appeal from any of the denials of his various Superior Court motions.[2]

On May 15, 2006, Ortiz filed the instant federal habeas petition.[3] Then, on June 12, 2006, the Superior Court conducted a violation of probation hearing regarding the February charge. Superior Court found Ortiz had committed the violation, revoked his probation, and sentenced him effective February 9, 2006 to two years and nine months of incarceration with credit for ten months and one day previously served, to be suspended after four months and three

---

[2] Ortiz filed a notice of appeal from the denial of his state habeas petition, but that appeal was dismissed because Ortiz did not file an opening brief. *Ortiz v. State*, 2006 WL 89522 (Del. Jan. 11, 2006).

[3] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Ortiz's petition is dated May 15, 2006, and that is presumed to be the date he turned it over to correctional officers for mailing. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

days for one year of supervision at Level III. *State v. Ortiz*, ID No. 0308001824, Violation of Probation Sentence Order (Del. Super. Ct. June 12, 2006).

Discussion

In his petition for federal habeas relief, Ortiz asserts that his September 2004 violation of probation sentence was illegal because it failed to provide him credit for all the time he had previously served. He also complains that the sentence does not specify the length of the term of probation. D.I. 6 at 5. Ortiz has been re-sentenced since September 2004, and that sentence is no longer in effect. As a result, Ortiz's claims are moot.

Under Article III, the power of federal courts extends only to ongoing cases and controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002); *Chong v. District Director, INS*, 264 F.3d 378, 383 (3d Cir. 2001). A litigant has standing to pursue a case or controversy in federal court only if he "has suffered, or is threatened with, an actual injury traceable to the [respondents] that is likely to be redressed by a favorable decision." *Chong*, 264 F.3d at 384. If this "personal stake in the outcome" of a case does not continue throughout the litigation, the case becomes moot. *Spencer v. Kenna*, 523 U.S. 1, 7 (1998).

Ortiz's claims concerning his failure to receive credit for time to which he was allegedly entitled and the failure of the court to specify the length of his probationary term cannot be redressed because Ortiz's September 2004 sentence was revoked by the June 2006 sentence. Further, Ortiz's June 2006 sentence provides credit for more than ten months of incarceration (more than the 169 days to which Ortiz alleges he was entitled (D.I. 6 at 5)) and the sentence precisely specifies a probationary period. Thus, Ortiz's claims concerning his violation of probation sentence are moot not for failure to satisfy the "in custody" requirement of 28 U.S.C. §

2254 (Ortiz remains on probation), but instead, because his allegedly illegal sentence is no longer in effect, there is simply no relief which this Court can give him in a habeas proceeding. *See Witty v. Carroll*, 2005 WL 1189554, *3 (D. Del. May 18, 2005); *see also North Carolina v. Rice*, 404 U.S. 244, 248 (1971). *See, e.g., Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (petitioner who had completed his prison sentence and had been deported could not benefit from a sentence reduction).

A petitioner who has been convicted and is incarcerated as a result of his conviction always has standing to challenge his incarceration. *Spencer*, 523 U.S. at 7. If, however, his sentence expires while the litigation is pending, he must demonstrate a "concrete and continuing injury" in order to maintain standing in federal court. *Id.* Where the petitioner does not attack his conviction, he must demonstrate continuing collateral consequences adequate to meet the injury requirement. *Id.* at 14; *Chong*, 264 F.3d at 384. Ortiz's June 2006 sentence, replacing his prior sentence, provides all the relief Ortiz requested concerning his September 2004 sentence. *See, e.g., Lovett v. Carroll*, 2002 WL 1461730, *2 (D. Del. June 27, 2002) (habeas petition challenging legality of execution of sentence dismissed as moot where petitioner was placed in boot camp soon after filing petition). Ortiz thus cannot establish any continuing collateral consequences from his September 2004 sentence that have not been addressed by his subsequent sentencing. Further, because Ortiz has completed the entire incarcerative portion of his sentence, to receive credit for time served at Level V or the VOP Center would serve no purpose at this point in time.[4] *See Weber v. Young*, Civ. Act. No. 88-683-JLL, Rept. & Rec. at 5-6 (D. Del. July

---

[4] Should Ortiz violate the conditions of his probation in the future, he can once again challenge his sentence through the state courts if he is not accorded credit for all time he has served at Level V. *See Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

4

23, 1990). Accordingly, Ortiz's claims should be summarily dismissed as moot. *See generally Lane v. Williams*, 455 U.S. 624 (1982).

Conclusion

Based upon the Superior Court docket sheet, it appears that a transcript of Ortiz's September 13, 2004 violation of probation hearing has been prepared. Although not indicated on the docket sheet, the violation of probation hearings on January 22, 2004, and June 12, 2006 would normally have been recorded, but no transcript has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: July 27, 2006



Slip Copy
2005 WL 1189554 (D.Del.)
(Cite as: 2005 WL 1189554 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Lawrence A. WITTY, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ. 03-969-SLR.**

May 18, 2005.
Lawrence A. Witty, petitioner, pro se.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Currently before the court is petitioner Lawrence A. Witty's application for a writ of habeas corpus pursuant to 28 U.S.C. § **2254.** (D.I.2.) Petitioner was in custody at the Delaware Correctional Center in Smyrna, Delaware when he filed his application. For the reasons that follow, the court will deny petitioner's application as moot.

II. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2001, a Kent County Family Court judge found petitioner guilty of third degree assault, offensive touching, and two counts of criminal contempt of a domestic violence protective order. Witty appealed to the Delaware Superior Court. Del.Super. Ct.Crim. Dkt. Item 1, Case No. 011004377. Thereafter, on October 23, 2002, petitioner pled guilty in the Delaware Superior Court to a single count of criminal contempt of a domestic violence protective order, and the state *nolle prossed* the remaining charges. ("Conviction 1"); Del.Super. Ct.Crim. Dkt. Items 17, 18 Case No. 011004377. The Superior Court sentenced petitioner to one year imprisonment, suspended after time served, and two months of Level II supervision. *See*

Del.Super. Ct.Crim. Dkt. Item 17, Case No. 011004377. The sentencing order specified that petitioner was to receive credit for time served between December 20, 2001 and October 23, 2002, in addition to nineteen days previously served. *Id.*

Prior to pleading guilty in Conviction 1, the Family Court found petitioner guilty of another criminal contempt of a domestic violence protective order charge. ("Conviction 2"); Del.Fam. Ct.Crim. Dkt. Item, Case No. 0112004851. On February 7, 2002, the Family Court sentenced him to twelve months of incarceration, suspended after fifteen days for twelve months of Level II probation. *State v. Witty,* Case No. 011200851, Sentence Order (Del.Fam.Ct. Feb. 7, 2002).

Two weeks later, petitioner pled guilty in the Family Court to a third criminal contempt charge, for which he received another twelve month jail sentence, suspended after thirty days for twelve months of Level III supervision. ("Conviction 3"); *State v. Witty,* Case No. 0112019080, Sentence Order (Del.Fam.Ct. Feb. 21, 2002).

In June 2002, petitioner pled guilty to his fourth criminal contempt offense and the Family Court immediately sentenced him to twelve months incarceration with no probation to follow. ("Conviction 4"); *State v. Witty,* Case No. 0204004452, Sentence Order (Del.Fam. Ct. June 27, 2002).

Beginning in March 2002, petitioner filed a series of motions in Family Court to modify his sentences. *See generally,* Del.Fam. Ct Crim. Dkts. in Case Nos. 0112004851, 0112019080, 0204004452. On June 6, 2002, the Family Court amended petitioner's sentence in Conviction 3, reducing the term of probation from twelve months to eleven months. *Witty,* Case No. 0112019080, Amended Sentence Order (Del.Fam. Ct. June 6, 2002). The rest of petitioner's motions were denied.

In September 2003, petitioner filed an application in the Family Court for a writ of habeas corpus. *See* Del.Fam. Ct.Crim. Dkt, Case No. 0204004452. Before the Family Court ruled on that application, petitioner filed in this court the instant request for federal habeas relief, dated October 14, 2003. (D.I. 2 at 7) He also filed a document titled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
2005 WL 1189554 (D.Del.)
(Cite as: 2005 WL 1189554 (D.Del.))

Page 2

"Supporting Facts," reiterating the facts contained in his form application. (D.I.7)

*2 Subsequent to filing his federal habeas petition, the Delaware Family Court denied his application for a writ of habeas corpus. *Witty,* Case No. 0204004452, Commissioner's Disposition (Del.Fam.Ct. Oct. 16, 2003). Additionally, in response to a motion for correction of sentence, the Superior Court discharged any balance remaining on petitioner's sentence in Conviction 1 and ordered that he be credited with any good time to which he may be entitled. (D.I.7)

The State filed an answer to the instant application, asking the court to dismiss it as moot because petitioner is no longer incarcerated. Petitioner's application is ready for review.

III. DISCUSSION

Reading petitioner's application together with his "Supporting Facts," it appears that he asserts two grounds for federal habeas relief: [FN1] (1) the Department of Correction ignored the Superior Court's October 22, 2003 "Modified Sentence Order" requiring credit for "any good time to which he may be entitled." (D.I. 7 at ¶ 7); and (2) his sentence for Conviction 4 expired on October 1, 2003, thus, his continued detention past that date is illegal. (D.I. 2 at ¶ 12(A)).

> FN1. Although the instant application describes the sentences for Convictions 2 and 3, petitioner appears to include them as background information for his two claims, not as independent claims for federal habeas relief. For example, he states "due to the sentence imposed on October 2003 in case # 01104377 [Conviction 1], the illegal sentence imposed in cases # 0112004851 and 0112019080 [Convictions 2 and 3] the sentence imposed on June 27, [2002] became effective on October 1, 2002 and terminated on October 1, 2003, for case # 020404452 [Conviction 4]." (D.I.2)

The State asks the court to dismiss both claims as moot because petitioner has completely served all of his sentences

and he is no longer incarcerated.

As a threshold matter, if petitioner's claims are moot, the court lacks jurisdiction to review his application. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question"); *Chong v. District Director, INS,* 264 F.3d 378, 383-84 (3d Cir.2001). Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.,* 494 U.S. 472, 477-78 (1990); *United States v. Kissinger,* 309 F.3d 179, 180 (3d Cir.2002) (finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna,* 523 U.S. 1, 8 (1998); *see Steele v. Blackman,* 236 F.3d 130, 134 n. 4 (3d Cir.2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong,* 264 F.3d at 384. "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger,* 309 F .3d at 181, "that is likely to be redressed by a favorable judicial decision." *Spencer,* 523 U.S. at 7.

The issue here is whether petitioner, who has already been released from his imprisonment, presents a live case or controversy. *See Spencer,* 523 U.S. at 7; *Chong,* 264 F.3d at 383-84. Petitioner's first claim contends that the Department of Correction failed to credit him with good time credit as ordered by the Superior Court in its October 22, 2003 Modified Sentence Order. It is unclear which sentence petitioner believes should have been credited. To the extent he believes that the October 22, 2003 Modified Sentence Order requires his sentence in Conviction 4 to be credited with any good time to which he may be entitled, he is wrong. The Modified Sentence Order only modifies the sentence in Conviction 1. [FN2] Thus, if this interpretation is the basis for his claim, it is meritless.

> FN2. The case number on the Modified Sentence

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
2005 WL 1189554 (D.Del.)
(Cite as: 2005 WL 1189554 (D.Del.))

Order is designated as 0111004377, and the criminal action number is K02-05-0839AF. These numbers refer to petitioner's first criminal contempt conviction, which the court refers to as Conviction 1. The order states:

Now, this 22nd day of October 2003, it is the order of the court that: the order dated October 23, 2002 is hereby modified as follows: ... Defendant is discharged as served ... The defendant shall be credited with any good time to which he may be entitled. (D .I. 14, *State v. Witty,* Modified Sentence Order, Case # 011100437, Crim. A. No. K02-05-0839AF (Del.Super.Ct. Oct. 23, 2003))

**\*3** To the extent petitioner correctly understands that the October 22, 2003 Modified Sentence Order pertains to his sentence in Conviction 1, and yet, his claim is that the Department of Correction did not credit him with any good time for Conviction 1, this claim is moot. First, the Superior Court actually acknowledged that the issue was probably already moot by stating in the October 22, 2003 order that "it appears you have served substantially all of the one year at Level V originally imposed, if not all." (D.I.14) (emphasis added). Second, even if the claim was not moot prior to the Superior Court's order, it became moot once the court issued its order because the order clearly discharges any balance remaining on the sentence in Conviction 1. In other words, the Superior Court's Modified Sentence granted the instant relief requested by petitioner. Consequently, if this interpretation of petitioner's first claim is correct, then the claim is moot. *Weber v. Young,* Civ. Act. No. 88-683-JLL, Rept. & Rec. at 5-6 (D.Del. July 23, 1990); *see also North Carolina v. Rice,* 404 U.S. 244, 248 (1971).

Petitioner's second claim contends that his release date should have been October 1, 2003, and that the Department of Correction illegally held him past that date. [FN3] (D.I. 2; D.I. 14, *In Re Laurence Witty,* No. 0204004452/Writ of Habeas Corpus, Order, Comm. Blades, Jr. (Del.Fam.Ct. Oct. 17, 2003)). Petitioner challenges the calculation of credit for the sentence in Conviction 4; he does not challenge the legality of his underlying conviction.

FN3. Petitioner raised this claim in his petition for

the writ of habeas corpus filed in the Delaware Family Court. The Family Court's order denying the writ states, in pertinent part:

The basis for this petition is that Mr. Witty received a status report from the Department of Correction during the summer of 2003 indicating that his max out date was October 8, 2003. However, Mr. Witty subsequently received a status sheet reflecting that his max out date to be November 7, 2003. The Department of Correction apparently made this correction to their status sheet after review of Mr. Witty's various charges ... Based upon all of the information before the Court, the Court is convinced that at this time that the Department of Correction has calculated Mr. Witty's good time correctly and that his current release date is November 7, 2003. As such, Mr. Witty's Petitioner for Writ of Habeas Corpus is hereby denied.

(D.I. 16, *In re Laurence Witty,* No. 0204004452/Writ of Habeas Corpus, Order, Comm. Lester H. Blades, Jr. (Del.Fam.Ct. Oct. 16, 2003)

The record reveals that petitioner was released in early November 2003, approximately fifteen days after filing the instant application. [FN4] The sentence for Conviction Four did not include a probationary term, thus, all of his sentences were completed upon his **release** in November 2003. In short, petitioner has already obtained the requested relief and the basis for his habeas application no longer exists. *See, e.g., Lovett v. Carroll,* 2002 WL 1461730, at \*2 (D. Del. June 27, 2002) (habeas petition challenging legality of execution of sentence dismissed as **moot** where petitioner was placed in boot camp soon after filing petition).

FN4. The court's docket reveals that, on November 4, 2003, a mere fifteen days after filing the instant application, petitioner provided a new address in New York for the receipt of his legal correspondence. (D.I.4) The docket also contains a notation that mail addressed to petitioner at the Delaware Correctional Center was returned as undeliverable. (D.I.5) Petitioner subsequently

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
2005 WL 1189554 (D.Del.)
**(Cite as: 2005 WL 1189554 (D.Del.))**

mailed a document titled "Supporting Facts" in an envelope postmarked November 20, 2003 from the Bronx, New York. (D.I.7)

Further, petitioner has not alleged, and the court cannot discern, any continuing collateral consequences stemming from his delayed **release** that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams,* 455 U.S. 624, 631, 633 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is **moot**; ... [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains); *Harris v. Williams,* 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, petitioner has failed to satisfy Article III's case-and-controversy requirement.

**\*4** Accordingly, the court will dismiss the entire application as moot. [FN5]

> FN5. The State also argues that claim one is procedurally barred due to petitioner's procedural default of the claim at the State court level. (D.I. 12 at 4 n. 2) The determination that the court lacks jurisdiction to review the claim renders this analysis unnecessary.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § **2254** petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § **2254** application is moot. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a

certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § **2254** is denied. An appropriate order will issue.

## ORDER

At Wilmington this 18th day of May, 2005, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Lawrence A. Witty's application for a writ of habeas corpus pursuant to 28 U.S.C. § **2254** is DISMISSED, and the relief requested therein is DENIED. (D.I.2)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

2005 WL 1189554 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00969 (Docket) (Oct. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 1461730 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charleston E. LOVETT, Petitioner,
v.
Thomas L. CARROLL, Warden, and Attorney
General of the State of Delaware, Respondents.
**No. Civ.A. 01-782-JJF.**

June 27, 2002.

Following state conviction for narcotics offenses,
petition for federal habeas relief was brought alleging
that rather than being placed in "boot camp" program
to which he had been sentenced, petitioner was still
being held in conventional facility. The District
Court, Farnan Jr., J., held that petition was rendered
moot by fact that petitioner had been placed in "boot
camp" program at time Court heard petition.

Dismissed as moot.

West Headnotes

**Habeas Corpus 197 ☞223**

197 Habeas Corpus
    197I In General
        197I(A) In General
            197I(A)2 Necessity and Effect of Writ;
Mootness and Prematurity
                197k223 k. Particular Issues and
Problems. Most Cited Cases
Federal habeas petition alleging that state prisoner
who had been sentenced to enter "boot camp"
program was instead still being held in conventional
facility was rendered moot by prisoner's entry into
"boot camp" program prior to district court's hearing
petition; there was no showing of continuing
collateral injury from failure to timely carry out
sentence, and petitioner did not challenge legality of
conviction or sentence. 28 U.S.C.A. § 2254.

Charleston E. Lovett, Petitioner, pro se.
Thomas E. Brown, of the State of Delaware
Department of Justice, Wilmington, Delaware, for
Respondents.

*MEMORANDUM OPINION*
FARNAN, J.

*1 Presently before the Court is a Petition Under 28
U.S.C. § 2254 for Writ of Habeas Corpus by a
Person in State Custody (D.I.2) filed by Petitioner
Charleston E. Lovett. For the reasons set forth below,
the Court will dismiss the Petition as moot.

I. BACKGROUND

On July 12, 2001, Petitioner pleaded guilty in the
Delaware Superior Court to delivery of cocaine and
possession of drug paraphernalia. The Superior Court
sentenced Petitioner to successful completion of the
"Boot Camp Diversion Program," followed by
probation. The Superior Court specified that
Petitioner was to be held at Level V custody pending
availability in the Boot Camp Program, but that his
Level V custody was not to exceed sixty days. The
Superior Court also ordered that Petitioner be
returned for further sentencing if he failed to
successfully complete the Boot Camp Program.
Petitioner did not appeal to the Delaware Supreme
Court.

On November 2, 2001, Petitioner filed with the Court
the current Petition seeking federal habeas corpus
relief. His sole allegation is that he is being held at
Level V custody rather than being placed in the Boot
Camp Program as ordered by the Superior Court.
(D.I.2.) Respondents assert that Petitioner was
admitted to the Boot Camp Program on November 7,
2001, and ask the Court to dismiss the Petition as
moot.

II. DISCUSSION

A. Mootness

The record reflects that Petitioner was removed from
Level V custody and placed in the Boot Camp
Program just a few days after he filed his Petition. At
that point, the alleged unlawful execution of sentence
of which he complains ceased. If this renders the
Petition moot, the Court lacks jurisdiction and must
dismiss it. *Chong v. District Director, INS,* 264 F.3d
378, 383-84 (3d Cir.2001) (citing *Steel Co. v.
Citizens for a Better Environment,* 523 U.S. 83, 90,
118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Federal
courts must resolve mootness issues, "even when not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1461730 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

raised by the parties, before turning to the merits." *Chong,* 264 F.3d at 383.

Pursuant to Article III, the power of federal courts extends only to cases and controversies. *Id.* at 383. A litigant has standing to pursue a case or controversy in federal court only if he "has suffered, or is threatened with, an actual injury traceable to the [respondent] that is likely to be redressed by a favorable decision." *Id.* at 384. This "personal stake in the outcome" of a case must continue throughout the litigation. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

An individual who has been convicted and is incarcerated as a result of that conviction always has standing to challenge his incarceration. *Id.* If his sentence expires while the litigation is pending, he must demonstrate a "concrete and continuing injury" in order to maintain standing in federal court. *Id.* Federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement, even after the sentence expires. *Id.* at 8. Where a petitioner does not attack his conviction, however, the injury requirement is not presumed; rather, the petitioner must demonstrate continuing collateral consequences adequate to meet the injury requirement. *Id.* at 14; *Chong,* 264 F.3d at 384.

*2 In the matter at hand, Petitioner does not challenge the legality of his conviction or sentence in any way. Rather, his habeas petition challenges only the execution of his sentence, *i.e.,* holding him at Level V custody rather than transferring him to the Boot Camp Program. This alleged unlawful execution of sentence ceased once he was placed in the Boot Camp Program. To maintain standing to challenge the execution of his sentence, then, Petitioner must demonstrate continuing collateral consequences sufficient to meet the injury requirement.

The Court is unable to find any such continuing collateral consequences. Once Petitioner was removed from Level V custody, the Court cannot discern any injury that could be redressed by a favorable decision in the current matter. Absent any conceivable continuing injury, Petitioner no longer has standing to maintain this action. For this reason, the Court will dismiss his Petition as moot.

**B. Certificate of Appealability**

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the current Petition is moot and must be dismissed. The Court is convinced that reasonable jurists would not debate otherwise. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### III. CONCLUSION

For the reasons discussed above, the Court will dismiss as moot the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Charleston E. Lovett. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.

D.Del.,2002.
Lovett v. Carroll
Not Reported in F.Supp.2d, 2002 WL 1461730 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL E. WEBER,                         )
                                       )
          Petitioner,                  )
                                       )
     v.                                )     Civil Action No. 88-683-JLL
                                       )
HOWARD R. YOUNG, Warden, and           )
CHARLES M. OBERLY, III,                )
Attorney General of the State          )
of Delaware,                           )
                                       )
          Respondents.                 )

---

Paul E. Weber, petitioner, pro se.

Loren C. Meyers, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, attorney for respondents.

---

## MAGISTRATE'S REPORT AND RECOMMENDATION

Dated:  July 23, 1990

Wilmington, Delaware

ROBINSON, U.S. Magistrate

Petitioner Paul E. Weber files this claim for habeas corpus relief under 28 U.S.C. §2254. Petitioner was convicted by a jury in Superior Court of first degree kidnapping, aggravated intimidation, intimidation, second degree burglary, second degree assault, menacing, third degree assault, and resisting arrest. On appeal, the Delaware Supreme Court reversed petitioner's conviction for first degree kidnapping for the entry of an acquittal and reversed petitioner's convictions for intimidation and aggravated intimidation, remanding for a new trial. The remaining convictions and sentences were affirmed. Weber v. State, 547 A.2d 948, 961 (Del.Supr. 1988). Following his conviction, petitioner was placed in the custody of the Delaware Department of Correction and sent to the Multi-Purpose Criminal Justice Facility in Wilmington, Delaware to serve a sentence of six and one half years. Weber v. State, No. 47, 1989 (Del.Supr. April 5, 1989). In November 1988, Weber petitioned for state habeas relief, alleging that he was entitled to discharge on conditional release because of good time credits[1] accumulated as a result of: 1) good behavior and "laboring with diligence" pursuant to 11 Del.C. §4382(4); 2) exemplary achievement in rehabilitation programs under 11 Del.C. §4384; and 3) working overtime at a prison job pursuant to 11 Del.C. §6533(f) and (g). (D.I. 13A, Notice of Petition dated November 28, 1988) After a

---

1.  Good-time credits enable a convicted prisoner to hasten release from confinement for good behavior. See 11 Del.C. §4348.

hearing on the matter in which petitioner was represented by counsel, the Delaware Superior Court denied Weber's petition (D.I. 11, Ex. B; D.I. 13A, <u>Paul E. Weber Petition for Habeas Corpus</u>, No. 88M-DE-6-1-CA, slip op. (Del.Super. January 11, 1989)) and on appeal that decision was affirmed by the Delaware Supreme Court.[2] (D.I. 13A, <u>Weber v. Oberly</u>, No. 47, 1989 (Del.Supr. April 5, 1989)) On December 5, 1988, Weber filed this petition for federal habeas relief alleging that the respondents were improperly confining him as a result of their failure to award him with meritorious good time credit for the performance of overtime worked.   (D.I. 1) Having presented that claim to the Delaware Supreme Court, petitioner has met the exhaustion requirements of 28 U.S.C. §2254(b) and (c).[3] <u>See</u> <u>Smith v. Digmon</u>, 434 U.S. 332 (1978).

Subsequent to the filing of this petition, Weber was released on parole pursuant to 11 Del.C. §4348 for having reached his short time release date on his sentence.  At the same time, petitioner also was apparently released on bail pending retrial on the charges of intimidation and aggravated intimidation. (D.I. 17, at ¶2)

---

2.  Although the original petition filed in Superior Court alleged improper denial of good time credits based on 11 Del.C. §§4382(4), 4384 and 6532, apparently counsel for petitioner pursued the claim only under §6532. (D.I. 13A, letter dated December 30, 1988)  On appeal to the Delaware Supreme Court, petitioner asserted that he was entitled to additional good time credits under 11 Del.C. §6532. (D.I. 31A, Appellant's Opening Brief dated February 21, 1989)

3.  Petitioner apparently filed identical petitions simultaneously in this Court and Delaware Superior Court.  (D.I. 1 and 13A) Nonetheless, it is apparent from the record that his state claims have been exhausted.

3

The petition is currently before the Court on memoranda supporting and opposing respondents' motion for summary judgment (D.I. 8, 8A, 13, 15, 17, 19, 20), petitioner's motion captioned "Leave to File Newly Discovered Evidence" (D.I. 14), and petitioner's motion for default judgment (D.I. 11). Respondents have urged two bases for dismissal of the petition.[4] First, respondents contend that because the petitioner has failed to comply with Delaware statutory and regulatory requirements regarding authorization and validation of good time credits, his claim is invalid. (D.I. 13) Second, regardless of the merits, respondents contend that the petitioner's claim is moot because of his subsequent release on parole. (D.I. 17) In response, petitioner has countered that his claim is not moot because his release on parole status satisfies 18 U.S.C. §§2241(c)(3) and 2254's "in custody" requirement. (D.I. 19) For the following reasons, I recommend dismissing the petition as moot.

---

4.  Respondents argue that this petition should be dismissed based on insufficient service of process. (D.I. 13, Section III, ¶¶1-3) This claim is without merit. Pursuant to Fed.R.Civ.P. 4(h), an Order will issue contemporaneously with this Report and Recommendation requiring the Clerk of the Court to serve, pursuant to §2254 Rules 3(b) and 4, by certified mail a copy of the petition and the Order upon the above-named respondents. See J. Liebman, 1 Federal Habeas Corpus Practice & Procedure §11.8 (1988) (". . . [T]he more recently promulgated Habeas Rule 4 provides that the petitioner need not serve a copy of the petition on respondent or on the legal officer likely to be representing respondent (typically the state attorney general). Instead, it is the responsibility of the court to serve respondent and the state's attorney general by certified mail."); such amendment will not result in any prejudice to the substantial rights of respondents.

Although it is clear that petitioner's release on parole is a status included within the liberal meaning afforded to the term "custody" by the U.S. Supreme Court, it does not necessarily address respondents' argument that his claim is moot. <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963). The doctrine of mootness is a similar but independent issue in habeas proceedings. <u>See Malloy v. Purvis</u>, 681 F.2d 736, 738 n.1 (11th Cir. 1982), <u>cert. denied</u> 460 U.S. 1071 (1983). <u>See also</u> L.W. Yackle, <u>Postconviction Remedies</u>, §49 (1981). The custody requirement owes its existence primarily to history and statute, while the mootness doctrine draws upon the "case or controversy" requirement in Article III of the U.S. Constitution. <u>Id</u>. If a favorable judgment on the original claim will no longer remove the harm done to the litigant, then any such judgment is advisory only and barred by Article III. <u>Flast v. Cohen</u>, 392 U.S. 83 (1968).

Instantly, Weber filed the petition while incarcerated and was subsequently released. He does not challenge the constitutionality of his judgment of conviction or judgment of sentence, but instead seeks release from confinement on the basis of an improper calculation of good time credits. Although Weber may be in a position to attack the validity of his conviction, <u>see</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968), he seeks to reduce the term of his confinement, not to invalidate the fact of his confinement. (D.I. 1)

In short, petitioner seeks relief which cannot be granted because he has already been released. "A claim is not moot in the

5

sense that it fails the 'in custody' requirement. . . , but in the sense that, since [petitioner] has been released, there is simply no relief this Court can give him in a habeas proceeding." Schlang v. Heard, 691 F.2d 796, 799 n.6 (5th Cir. 1982), cert. denied 461 U.S. 951 (1983) (citations omitted). Where a petitioner challenges the accuracy of the calculation of his good time credits, and is subsequently released, such claims are deemed to be moot. See Bailey v. Southerland, 821 F.2d 277 (5th Cir. 1987); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Wainwright v. Rewis, 486 F.2d 306, 307 (5th Cir. 1973). Furthermore, as the defendants have pointed out, to the extent petitioner contends his challenge may affect the amount of time served on his pending charges, his claim is speculative. This assumes that in the event a retrial is held, petitioner will be convicted and sentenced to a term of imprisonment.

As a result of the foregoing discussion, I find it imprudent to address either the merits of the petitioner's claim regarding alleged denial of good time credit under 11 Del.C. §6532, his motion for default judgment, or his motion to conduct further discovery. Accordingly, I recommend granting respondents' motion for summary judgment and dismissing petitioner's application for habeas corpus relief.

6

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PAUL E. WEBER,                          )
                                        )
            Petitioner,                 )
                                        )
      v.                                )    Civil Action No. 88-683-JLL
                                        )
HOWARD R. YOUNG, Warden, and            )
CHARLES M. OBERLY, III,                 )
Attorney General of the State           )
of Delaware,                            )
                                        )
            Respondents.

### FINAL ORDER

The Court having (1) reviewed the U.S. Magistrate's Report and Recommendation which recommends that this habeas corpus action of a state prisoner be dismissed (Docket Item ["D.I."] 21), (2) noted that no timely objections have been filed to said report and recommendation, (3) given fresh consideration to the matter, and (4) made the Court's own determination on the basis of the Magistrate's record, it is

      ORDERED:

      1.   The Magistrate's Report, dated July 23, 1990 (D.I. 21), is hereby accepted and adopted by this Court.

      2.   The petition for a writ of habeas corpus is hereby dismissed and the writ is hereby denied.

      3.   No probable cause exists for an appeal.

      Dated:  **August 27, 1990.**

                              _____
                              United States District Judge

Copies mailed and/or
delivered this date to:
  Mr. Paul E. Weber
  Loren C. Meyers, Esq.
  Hon. Sue L. Robinson
  J. R. McAllister, Jr., Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on July 27, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Johnas Ortiz
410 New Street
Middletown, DE 19709

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us