IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Johnas Ortiz,
    Petitioner.

    v.                                   Civ. No. 06-260-SLR

Raphael Williams, et al,
    Defendant(s)

"Memorandum in Opposition
To Defendant(s) Response"

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 OCT -5 PM 3:43
RD scanned

9/29/06

                                         /s/ Ortiz
                                         Johnas Ortiz #305401
                                         HRYCI
                                         1301 E. 12th St.
                                         Wilmington, DE 19809

## Memorandum in Opposition to Defendant(s) Response

1) Petitioner, Johnas Ortiz, now comes forth to present this memorandum to the best of his ability without possession of any of the documents filed by either side in this matter. Petitioner did make a diligent effort to obtain copies of documents filed by defendants - which he did not have a chance to view because of a change of address. However, the mail policy at HRYCI prohibits legal materials from being sent from petitioner's home address (see letter to clerk, dated: 9/11/06). Such a policy constitutes a denial of access to the courts where legal materials must be sent by an attorney or the court; petitioner is pro se, and has no attorney; and, petitioner cannot afford the copy fee established by the Judicial Conference of United States. Prison officials have no right to approve or disapprove content of legal papers, see Procunier v. Martinez, 416 U.S. 396 (1974). The First Amendment guarantees prisoners the right to receive and possess reading matter. Jackson v. Godwin, 400 F2d 529 (5th Cir. 1968). Thus, the mail policy at HRYCI can be considered an act of retaliation by the defendant, Williams, who is the warden of HRYCI - for petitioner(s) filing pro se actions against him or his officials.

2) Petitioner's claims are not moot where he has exhausted all state remedies. Petitioner has filed: Direct appeal in Delaware Supreme Court (Ortiz v. State, No. 420, 2004)(AFF'd); repetitive motions for "credit for time served", "modification of sentence (Rule 35b)", and, state "Habeas Corpus" in the Superior Court of Delaware - all denied. Petitioner also filed post conviction motion (Rule 61) in Superior Court - also denied. All actions can be seen by referring to Superior Court Criminal Docket (State v. Ortiz, I.D. 0308001824). Petitioner failed to file "Opening Brief" in Delaware Supreme Court in the direct appeal of the Superior Court's Habeas Corpus denial because, at the time, petitioner was released to Level 4 and Habeas Corpus would no longer have been an effective remedy. Petitioner is pro se, and should be held to "less stringent standards than the formal pleadings drafted by lawyers", Haines v. Kerner, 404 U.S. 519, 520 (1972), especially when he has made repeated attempts without sufficient funds nor full knowledge of appellate procedures. See Cottmann, 398 F.Supp. 1086.

3) Petitioner asserts his Habeas Corpus claims are not moot where there is a danger of recurrent violations or "there remains a possibility that adverse collateral consequences will inure the complaining party", West v. Cunningham, 456 F2d 1264 (9th Cir. 1972); Sibron v. N.Y., 392 U.S. 40, 55 (1968). A situation which could cause petitioner to serve an increased or enlarged sentence is clearly an "adverse collateral consequence".

4) Petitioner is denied Equal Protection of Laws by the Delaware Supreme Court's decision, which treats him differently from similarly situated offenders. The holdings of the Delaware Supreme Court's decision in petitioner's case (Ortiz v. State, No. 420, 2004) conflict with the court's prior holdings in Gamble v. State, Del. Supr. 728 A.2d 1171 (1999). In Ortiz, supra, the state argued that any level 5 time Ortiz served at Level 5 incarceration was properly credited towards the time he was supposed to serve at level 4 work-release (see Ortiz v. State, No. 420, 2004 ("State's Answering Brief")) – the Delaware Supreme Court agreed with the State in affirming the Superior Court's September 13, 2004 sentence; However, this is the exact same argument (and language) that the Delaware Supreme Court rejected in Gamble, supra, at 1172. The Court further held in Gamble that "A defendant is not entitled to Level 5 incarceration credit for time served at Level 4 work release", at 1172. See also Johnson v. State, Del. Supr. Nos. 41 and 74, 1996, 1999 WL 70827, Berger, J. (Feb. 17, 1999) (Order). This would mean that it is improper to credit Level 5 time towards a Level 4 sentence, as the state attempts to do.

5) In the petitioner's lower court appeal (Ortiz v. State, supra) it is apparent that the state agrees that petitioner was entitled to Level 5 credit but was incorrect in its assumption that such Level 5 credit could be credited towards the Level 4 portion of the sentence – Apparently the appellate court overlooked this situation and the holdings in Gamble. The Level 5 time which the state claims was properly credited towards petitioner's Level 4 sentence in Ortiz v. State, supra, should be calculated and applied to petitioner's current sentence accordingly.

6) At the time the September 13, 2004 sentence was imposed, the "key program" – which petitioner was required to complete in order to be released from prison – was operating outside constitutional parameters. This rendered the entire sentence illegal – where this "key" was in violation of First Amendment Freedom of Religion rights by conducting mandatory, "compelled" AA meetings. An investigation by ACLU of Delaware, Drewry Nash Fennell, Esq., found the "key" in violation of First Amendment rights – a letter from ACLU is docketed on the Superior Court Criminal Docket (I.D. No. 0308001824)

7) Petitioner contacted the Superior Court regarding the "key" being in violation of First Amendment rights and sought redress and remedy in the form of being relieved of his requirement to complete the "key". The court failed to intervene and there was no redress or remedy. In fact the Superior Court threatened petitioner for raising his First Amendment Claim (see Superior Ct. Crim. Docket, letter in response from Gebelein, Dated: Jan. 2005)

8) Because the Superior Court has resentenced petitioner twice since the filing of his section 2254 petition for violations of probation - on June 12, 2006 and August 28, 2006 - he has been placed in further jeopardy of serving an enlarged sentence. These sentences also fail to fully credit petitioner for the level 5 time he asserts he is entitled to in his section 2254 habeas corpus petition.

9) Additionally, petitioner asserts he is entitled to (47) days of "Good time" which he accumulated while serving level 5 time on the September 13, 2004 sentence and the June 12, 2006 sentence. Pursuant to Title 11 Del. C. 4381, petitioner is entitled by law to (2) days per month of "Good time" for good behavior, and, in addition, (2) days per month of "Good time" for participation in a rehabilitative program. Accordingly, petitioner is entitled to (20) days of good time for serving level 5 time - from September 13, 2004 to July 6, 2005; (19.5) days of good time for participating in the "Key" - a rehabilitative program - from October 6, 2004 to July 6, 2005; and, (8) days of good time for serving level 5 time - from February 8, 2006 to June 12, 2006. Because the "Key" sentence was immediately suspended for level 4 upon completion, petitioner's good time credits were never applied to his sentence - he was immediately placed at level 4 work release. Because the June 12, 2006 sentence was for "time served" petitioner was released on the day of sentencing, and, again, good time was never applied to his sentence.

10) Upon requesting that "DOC" officials credit the (47) days of goodtime to his current VOP sentence petitioner was told that the credits were "used up". This is an incorrect assumption by "untrained professionals". The state has provided a statutory right to good time, pursuant to Title 11 Del. C. 4381, which creates a right to a shortened prison sentence through accumulation of credits for good behavior and participation in rehabilitative programs. "The due process clause is to insure that the state created right is not arbitrarily abrogated," Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). Furthermore, petitioner asserts that he did not benefit from a shortened prison sentence because "DOC" never applied the good time credits to any of his sentences. Petitioner has therefore been deprived of his "liberty" which is protected by Due Process Laws of the Fourteenth Amendment.

11) In several instances the courts have ordered "DOC" to credit a defendant with good time earned during previous sentence(s) and apply such credit to the sentence imposed following a violation of probation. See Murray v. Messick et al (1995 WL 109006 (Del. Super.) (Graves) (order). Also Nardini v. Willin, Del. Supr. 245 A2d 164 (1968). In Nardini, supra, the Delaware Supreme Court

-3-

HELD that: The Department has no discretion in calculating good time credits; it must credit them according to law. The petitioner is therefore entitled to all good time credits earned on previous sentences — under this case number — which have not yet been applied according to 11 Del.C. 4381.

12) Petitioner's current sentence (imposed August 28, 2006) fails to credit petitioner properly for all previous periods of level 5 incarceration — including those periods raised in the § 2254 petition in District Court. "DOC" officials refuse to apply petitioner's previously earned and statutory good time credits to the current August 28 sentence. Such instances are an ongoing violation of an illegal sentence — which has been enlarged multiple times. "The sentencing court may not, however, either enlarge a period of probation or impose a sentence greater than that imposed", Ingram v. State, Del.Supr. 567 A2d 868, 869 (1989). The U.S. Supreme Court has held that: "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be 'fully' credited in imposing sentence upon a new conviction for the same offense * * * Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc." North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072 (1969). Accordingly, "DOC" officials must credit petitioner's current sentence with the (47) days of good time petitioner is allegedly entitled to. Furthermore, the Superior Court must credit petitioner's sentence with all level 5 credit he is allegedly entitled to, or release petitioner from such sentence.

13) In the interest of justice review petitioner submits the issues of the June 12, 2006; August 28, 2006 (sentences) and, the issue of deprivation of good time — which was not applied to those sentences; whereas, they have become a part of the initial claim(s) due to the Superior Court's continued resentencing on the same violation of probation prior to the District Court's final disposition. This has caused the situation to magnify.

14) Subsequently, any further delay in the proceedings will make a decision in the petitioner's favor meaningless by the time a decision is made, because he is serving a short sentence (18 months level 5 suspended after 6 months at level 5). The Writ of Habeas Corpus should issue.

9-29-06

Signed under penalty of perjury.

Johnas Ortiz #305401
HRYCI
1301 E. 12th St.
Wilmington, DE 19809



Ortiz, J 305401
Keyel
1301 E. 12th St.
Wilmington, DE 19809

INMATE MAIL

Peter T. Dalleo
Clerk of Court
U.S. District Court
844 N. King St., Lockbox 18
Wilmington, DE 19801

LEGAL