IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Johnvas Ortiz,
  Petitioner,
    v.
Raphael Williams, Warden,
Carl Danberg, Attorney
General of the State of Delaware.

Civ. Act. No. 06-260-SLR

FILED
OCT 19 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Amendment(s) to "Memorandum in Opposition to Defendant(s) Response"

1) Petitioner, Johnvas Ortiz, now comes forth to submit the following amendments to the previously filed "Memorandum in Opposition to Defendant(s) Response", dated: 9/29/06, to be considered in whole by the Court.

2) Amend numbered paragraph three (#3) by striking it in its entirety and replacing it with the following:

"The respondents' contentions that petitioner's claims are moot because his allegedly illegal sentence is no longer in effect (State's Answer - p.4) is incorrect. The illegal sentence is still in effect since petitioner has been resentenced for VOP in Superior Court on August 28, 2006. Petitioner asserts that the illegal September 13, 2004 sentence - which denies him credit for all previously served Level 5 time - causes the subsequent VOP sentences (June 12, 2006 and August 28, 2006) to be illegal also. This is because the Superior Court continues to resentence petitioner and base its calculations on the September 13, 2004 sentence when imposing the VOP sentence(s). Thus, the June 12, 2006 and August 28, 2006 sentences are illegal because they also deny petitioner full credit for prior periods of incarceration. Petitioner has therefore demonstrated the 'continuing collateral consequences adequate to meet the injury requirement'; Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001). Furthermore, a favorable judgment on the original claim will remove the harm done to the petitioner. In this case the harm is that the September 13, 2004 sentence denies petitioner credit for all prior periods of incarceration, and, as a result all VOP sentences imposed afterwards were miscalculated by the courts in relying on the September 13 sentence to determine: the amount of Level 5 time previously credited and the remaining amount of Level 5 time remaining to be imposed. The June 12 and August 28 sentences are, in a sense, "fruit of the poisonous tree"."

3) Amend numbered paragraph Four (#4) by striking it in its entirety and replacing it with the following: "Respondents do not deny that petitioner is entitled to the 169 days which he alleged he was entitled to, and, in fact, Respondents allege that the 'June 2006 sentence provides credit for more than ten months of incarceration (more than the 169 days which Ortiz alleges he was entitled (D.I. 6 at 5))', State's Answer, p.3 (Civ. Act. No. 06-260-SLR). However, the June 2006 sentence does not remedy the situation but only adds to the Double Jeopardy controversy. For instance, the June 2006 sentence order reflects only ten months one day of Level 5 credit previously served - this reflects only the Level 5 time served during the September 13 sentence - from September 13, 2004 to July 14, 2004 (which also fails to credit movant for the Level 5 time he served while awaiting placement at Level 4 work-release). Furthermore, the June 2006 sentence does not include credit for the 169 days of Level 5 time petitioner originally claimed he is entitled to. The June 2006 sentence only gives ten months one day credit against the two years nine months which petitioner claims should be two years six months eleven days (the 169 days credited towards the original three year sentence) at the time the September 2004 sentence was imposed. Once the 169 days originally claimed is credited, the June 2006 sentence should read: 'two years six months eleven days at supervision Level 5...' instead of 'two years nine months at supervision Level 5...' It is evident that the court's failure to credit the September 2004 sentence with proper credit has a direct collateral effect (consequence) on the petitioner's subsequent VOP sentences - because the June 2006 sentence relies on the September 2004 sentence in crediting petitioner with Level 5 time, the current VOP sentence imposed on August 28, 2006 is illegal also because it relies on the June 2006 sentence order and September 2004 sentence order in determining the amount of Level 5 time petitioner has served and has remaining. (The August 2006 sentence credits petitioner with only eighteen months of Level 5 credit - see Ortiz, Supr. Ct. Comm. Sent. Order. 8/28/06 ('...eighteen months level 5 suspended after 6 months at level 5')(I.D. #0308001824)); However, at the time the August 2006 sentence was imposed petitioner asserts he should be entitled to twenty-one months twenty-two days of Level 5 credit for time previously served."

4) Amend numbered paragraph Five (#5) by striking it in its entirety and replacing it with the following:

"Respondents have failed to produce 'DOC' records which will enable the courts to correctly calculate the amount of Level 5 time petitioner has actually served. Such documents will allow the courts to determine how much time petitioner has served at Level 5 on the VOP sentence(s). Apparently, the respondents have aborted the fact-finding process by failing to produce 'DOC' records which will reflect the exact amount of Level 5 time petitioner has served. Thus, the Superior Court continues to resentence petitioner on the basis of its own sentence orders in calculating petitioner's Level 5 time, and, determining the amount of time at Level 5 petitioner has previously served on the basis of prior sentence orders which fail to properly credit petitioner for all previously served Level 5 time. The Superior Court, Delaware Supreme Court, and respondents have all failed to review respondents petitioner's 'DOC' file to determine if petitioner is actually entitled to the Level 5 time he alleges he to claim, and to determine exactly how much Level 5 time he has served on the original three year sentence imposed on October 1, 2003. Instead, the legal, fact-finding process has been aborted and the Superior Court continues to impose illegal sentences (which fail to credit petitioner properly for Level 5 time served) by calculating the remaining balances of petitioner's sentence(s) on its own records, which are inaccurate. Once a sentence of Level 5 time is imposed the petitioner is in custody of 'DOC' officials - the 'DOC' keeps records of petitioner's release dates, transfers, etc. When a Level 4 sentence is imposed and a defendant is held at Level 5 until space is available at Level 4 he is entitled to the Level 5 time actually served while waiting for Level 4 after violating probation. See Gamble v. State, Del. Supr. 728 A2d 1171 (Del. 1999). Petitioner asserts that this is where the courts must rely on 'DOC' records to determine the amount of Level 5 credit he is entitled to - the court (Superior) bases its calculation of petitioner's remaining Level 5 time on the Level 5 sentence previously imposed - and fails to consider the time petitioner spent at Level 5 while awaiting space at Level 4. For instance, in Ortiz v. State, 2005 WL 1653718 (Del. July 11, 2005), the State alleges in its answering brief that "...Ortiz's latest VOP sentence does give him credit for the 60 days originally served since the 2003 3 year Level 5 sentence has been reduced to 2 years 9 months and all of the Level 5 time imposed for the January 2004 first VOP sentence was suspended." (State's Answering Brief at p. 10). This proves petitioner's claim that he is being denied proper credit for the Level 5

(3)

TIME HE HAS SERVED - WHILE THE STATE RECOGNIZED PETITIONER SERVED 60 DAYS AT LEVEL 5 WHEN THE 3 YEAR LEVEL 5 SENTENCE WAS ORIGINALLY IMPOSED (OCTOBER 2003), THE STATE OVERLOOKED THE FACT THAT PETITIONER WAS HELD AT LEVEL 5 AN ADDITIONAL 50 DAYS WHILE AWAITING PLACEMENT AT LEVEL 4 HOME CONFINEMENT (PETITIONER WAS PLACED ON HOME CONFINEMENT UNDER SUPERVISION OF OFC. BRIAN KENNANEN ON OR ABOUT NOVEMBER 13, 2003); AND, FURTHER, AT THE DATE OF SENTENCING, OCTOBER 1, 2003, PETITIONER HAD ALREADY SERVED MORE THAN 60 DAYS (68 DAYS TO BE EXACT)(SEE State v. Ortiz, I.D. #0308001824, SENTENCE ORDER, DATED: 10/1/03, EFFECTIVE DATE: JULY 24, 2003). PETITIONER IS ENTITLED TO 110 DAYS OF LEVEL 5 CREDIT AS OF NOVEMBER 13, 2003, PURSUANT TO THE DELAWARE SUPREME COURT'S HOLDINGS IN GAMBLE, SUPRA. WHILE PETITIONER'S ENTIRE JANUARY 2004 SENTENCE WAS SUSPENDED FOR LEVEL 4 WORK RELEASE, THE STATE AGAIN FAILS TO RECOGNIZE THAT PETITIONER WAS HELD AT THE VOP CENTER FOR 19 DAYS WHILE AWAITING SPACE AT LEVEL 4 WORK-RELEASE (FROM JANUARY 8, 2004 TO JANUARY 27, 2004) AND PETITIONER IS ENTITLED TO LEVEL 5 CREDIT FOR THAT PERIOD OF TIME ALSO FOR 19 DAYS SERVED AT VOP CENTER. SEE Brown v. State, DEL. SUPR. 793 A.2d 306 (2002). THE STATE IN ITS ANSWERING BRIEF ALSO FAILED TO RECOGNIZE THE FACT THAT RESPONDENT WAS PLACED AT VOP CENTER FROM APRIL 24, 2003 TO MAY 24, 2003 (30 DAYS) TO DETERMINE IF A VOP HEARING SHOULD BE HELD (ADMINISTRATIVE SANCTION); AND ALSO FAILED TO RECOGNIZE PETITIONER SERVED 10 DAYS AT LEVEL 5 WHILE AWAITING BOND (SEE I.D.#0308001854, Super. Ct. Crim. Docket, Nos. 18, 19, 20)."

5) AMEND NUMBERED PARAGRAPH FOURTEEN (#14) BY ADDING AS THE LAST SENTENCE: "THE RESPONDENT'S REQUEST FOR SUMMARY DISMISSAL SHOULD BE DENIED."

10/13/06

Johnas Ortiz #305401
HRYCI
1301 E. 12th St
Wilmington, DE 19809

(4)

THIS LETTER WAS SENT BY AN INMATE WHO IS IN A STATE PRISON. THE STATE IS NOT RESPONSIBLE FOR DEBTS INCURRED OR THE CONTENTS OF THE LETTER