IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Johnas Ortiz,
Petitioner,
v.
Raphail Williams, et. al.,
Respondents.


FILED
JAN - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
PD scanned

Memorandum of
Law In Support of
Motion for
Summary Judgment
Civil Act. No. 06-260-SLR

Petitioner now comes forth to present to the Honorable Court, the following in support of his motion for summary judgment:

1) Under Federal Rule of Civil Procedure 56(c), a court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); See also Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 106 S.Ct. 2505 (1986). In this case, respondents do not dispute the fact that petitioner is entitled to relief sought (169 days of Level 5 credit), but instead alleges that the "June 2006 sentence provides credit for more than ten months of incarceration (more than the 169 days to which Ortiz alleges he was entitled (D.I. 6 @ 5))..." Respondents' answer, p. 3. While the June 2006 sentence provides ten months one day of Level 5 credit, the 169 days of Level 5 credit originally claimed is still not credited. The June 2006 sentence reflects credit for only the period of incarceration during service of the September 13, 2004 sentence, from September 13, 2004 to July 14, 2005, and, thus does not include the 169 days of Level 5 credit prior to the imposition of the September 2004 sentence. The record clearly establishes both "the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment." Pangburn v. Culbertson, 200 F.3d 65, 69 (2d Cir. 1999) (citing Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996)).

2) Jurisdiction, once attached, is not defeated by release of petitioner prior to completion of proceedings on petitioner's application. Rutledge v. Sunderland, C.A. 10 (Okl.) 1982, 671 F.2d 377. Respondents' contention that petitioner's claims are moot "...because his allegedly illegal sentence is no longer in effect, there is simply no relief which this court can give him in a habeus proceeding," Respondents' answer, p. 4, is incorrect. Petitioner's illegal sentence is, in fact, still in effect (where he is still on probation) and his liberty is continually placed in jeopardy (which demonstrates continuing collateral consequences). The "substantial issue" is not mootness, but whether petitioner has satisfied "in custody" requirements. Sinclair v. Blackburn, C.A. 5 (La.) 1979, 599 F.2d 673, cert. denied 100 S.Ct. 684, 444 U.S. 1023. Further, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement, even after the sentence expires. Spencer v. Kemna, 523 U.S. 1, 8. Habeus Corpus is available as procedural device to test legality of a state sentence to be served in the future. Kelly v. State of N.C., D.C.N.C. 1967, 276 F.Supp. 200; see also Rowe v. Peyton, 38 F.2d 709, aff'd 88 S.Ct. 1549; U.S. ex.rel. Lindsey v. Meyers, 201 F.Supp. 271.

A state prisoner has standing to attack by way of Habeas Corpus sentences he has fully served without questioning the validity of sentence under which he was currently being held. See Tucker v. Peyton, 354 F.2d 115 (Va. 1966). Petitioner has demonstrated continuing collateral consequences once he was resentenced for a VOP on August 28, 2006. That sentence is illegal also where the level 5 credit given is based on the former September 2004 and June 2006 sentences, which were illegal because they did not fully credit petitioner for prior level 5 time served. Respondent's allegations that petitioner "cannot establish any continuing collateral consequences from his September 2004 sentence that have not been addressed by his subsequent sentencing" at Respondent's answer, p. 4, are incorrect.

3) Granting of summary judgment is appropriate "where the nonmovant's evidence is merely colorable, conclusory, speculative, or not significantly probative". Anderson v. Liberty Lobby, Inc., 474 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

For the foregoing reasons, the motion for summary judgment on petitioner's behalf should be granted.

Date: 12/22/06

Jonnas Ortiz #305401
Hru C1
1301 E. 12th St.
Wilmington, DE 19809