IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNAS ORTIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 06-260-SLR |
| ) | |
| RAPHAEL WILLIAMS, ) | |
| Warden, and JOSEPH R. ) | |
| BIDEN, III, Attorney ) | |
| General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

Johnas Ortiz. Pro se petitioner.

Elizabeth McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

Dated: June 12, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

*[signature]*
ROBINSON, Chief Judge

## I. INTRODUCTION

Currently before the court is petitioner Johnas Ortiz's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 6) Petitioner is incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2003, petitioner pled guilty in the Delaware Superior Court to possession of burglary tools and criminal impersonation. The Superior Court sentenced petitioner on the burglary tools conviction to 3 years of incarceration at Level V, suspended after 60 days for 6 months of Level IV confinement, followed by 2 years of Level III probation, and ordered petitioner to pay a fine of $100 for his criminal impersonation conviction. Ortiz v. State, 2005 WL 1653718, at *1 (Del. July 11, 2005). The sentence was effective as of July 24, 2003. During the same sentencing hearing, the Superior Court found petitioner in violation of two earlier probationary sentences for drug possession and conspiracy. Id. at *1 n.2.

In January 2004, petitioner's probation officer filed a violation of probation report regarding petitioner's probation for his 2003 burglary tools conviction. The Superior Court held a violation of probation hearing on January 22, 2004 ("VOP hearing"), revoked petitioner's probation after finding him in violation of his probation terms, and re-sentenced petitioner to 2 years and 9 months of Level V imprisonment, suspended immediately for 2 years and 6 months of Level IV work release, suspended in turn after

1

6 months for one year of Level III probation. Id. at *1.

Petitioner's probation officer filed another violation of probation report in August 2004 and, after a hearing on September 13, 2004, the Superior Court found that petitioner had violated the terms of his 2003 probation again. The Superior Court revoked petitioner's probation and immediately re-sentenced him to 2 years and 9 months of Level V incarceration, suspended after successful completion of the Key Program, to be followed by 6 months of Level IV work release, with the balance of the sentence to be served at Level III probation. Id. Petitioner appealed, arguing that his September 2004 violation of probation hearing had been conducted in violation of his due process rights and that his sentence was illegal because it did not give him credit for Level V time previously served. The Delaware Supreme Court denied petitioner's claims as meritless and affirmed the Superior Court's judgment. Id. Between August 2005 and February 2006, petitioner filed two pro se motions for modification of sentence and a state habeas petition challenging the September 2004 VOP sentence, all three of which were unavailing. See generally (D.I. 15, Del. Super. Ct. Crim. Dkt. in ID No. 0308001824)

Another violation of probation report was filed in February 2006. (D.I. 15, Del. Super. Ct. Crim, Dkt. in ID No. 0308001824, at Nos. 43 & 45) Petitioner filed a state post-conviction motion pursuant to Delaware Superior Court Criminal Rule 61 challenging that report, as well as a motion to dismiss the new violation of probation charge. (D.I. 15, Del. Super. Ct. Crim. Dkt. in ID No. 0308001824, at Entry Nos. 46-49) The Delaware Superior Court denied both motions, and petitioner did not appeal. After conducting a hearing on June 12, 2006, the Delaware Superior Court found

petitioner in violation of the probation for his burglary tools conviction. Id. at Nos. 52 - 53. The Superior Court revoked petitioner's probation and sentenced him to 2 years and 9 months of Level V incarceration with credit for 10 months and 1 day for time previously served, to be suspended after 4 months and 3 days for one year of supervision at Level III. That sentence was effective as of February 9, 2006. (D.I. 15, State v. Ortiz, Crim. A. No. VN03-08-1132-03, Order (Del. Super. Ct. June 12, 2006).

## III. DISCUSSION

Petitioner's habeas application asserts two claims: (1) his September 2004 violation of probation sentence violates the Double Jeopardy Clause of the United States Constitution because the Superior Court failed to credit him with all the time he previously served at Level V incarceration; and (2) the Key Program was operating outside constitutional parameters in 2004, thus, the September 2004 VOP sentence is illegal because it required petitioner to complete the Key Program as part of his Level V incarceration. (D.I. 6) The State filed an answer asking to the court to dismiss the application as moot because petitioner has been re-sentenced since September 2004 and, therefore, the sentence being challenged is no longer in effect. (D.I. 12, at 3)

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury

3

requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when, as here, a petitioner challenges his sentence rather than his conviction, the injury requirement is not presumed. See Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). Rather, the petitioner must show some "collateral consequence" stemming from the alleged sentencing error, and that his injury is "likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. In the absence of continuing collateral consequences, a claim is moot, and a federal district court does not have jurisdiction to review moot habeas claims. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

### A. Claim One: Double Jeopardy

In Delaware, upon finding a defendant guilty of violating his probation, the Superior Court is authorized to re-impose any previously suspended prison term, with credit for all Level V time previously served. Del. Code Ann. tit. 11, §§ 3901(c) & 4334(c); Gamble v. State, 728 A.2d 1171, 1172 (Del. 1999). The Level V time to be credited includes time served at the VOP center following a probation violation and time served awaiting space availability at Level IV. Gamble, 728 A.2d at 1172; Del. Code Ann. tit. 11, § 3901(c).

In this case, petitioner's original sentence in 2003 was for 3 years at Level V, suspended after serving 60 days. Upon finding that petitioner violated his probation in January 2004, the Superior Court was authorized to sentence petitioner to 2 years and 10 months of Level V time (3 years less the 60 days served). The Superior Court re-imposed 2 years and 9 months of Level V time, which reflects the 60 days previously

served plus another 30 days served at Level V. See Harris v. State, 768 A.2d 469 (Table), 2001 WL 257797, at **1 (Del. Mar. 8, 2001)(explaining that re-imposing "the suspended portion of the original sentence upon a subsequent finding of a VOP inherently credits a defendant with any time the defendant has served on the unsuspended portion of the original sentence.").

Consequently, upon finding a violation of probation in September 2004, the maximum amount of Level V time the Superior Court could re-impose was 2 years and 9 months. Pavulak v. State, 880 A.2d 1044, 1045-46 (Del. 2005). The Superior Court was also required to credit petitioner for any additional time served at Level V, and that is the premise for petitioner's first claim. Specifically, petitioner contends that his September 2004 VOP sentence violates double jeopardy because the Superior Court failed to credit him with 169 days (5 months 19 days) of time previously served.[2] According to petitioner, if the Superior Court had properly credited him with time served at Level V, the September 2004 VOP sentence order would have imposed 2 years 6 months and 11 days of Level V incarceration rather than 2 years 9 months of Level V incarceration. (D.I. 12)

In its answer, the State does not address petitioner's calculation of credit, but instead argues that petitioner's claim regarding the credit miscalculation became moot upon petitioner's new VOP sentence in June 2006. The court finds the State's

---

[2]Petitioner calculates this total amount of credit due as follows: (1) 110 days of Level V credit for time served from July 24, 2003 through November 13, 2003; (2) 19 days of Level V credit for time spent at VOP center while awaiting space at Level IV work release from January 8, 2004 to January 27, 2004; (3) 30 days of Level V credit for time served at VOP from April 24, 2004 to May 24, 2004; and (4) 10 days of Level V credit for time served from August 31, 2004 to September 10, 2004. (D.I. 26 at 4)

5

argument persuasive. Even if the Superior Court erroneously failed to credit petitioner with 169 days of credit when it sentenced him for his VOP in 2004,[3] petitioner's September 2004 VOP sentence ceased when it was revoked upon his violation of probation sentencing in June 2006. Petitioner's June 2006 VOP sentence, (effective as of February 9, 2006 and suspended after 4 months), re-imposed 2 years and 9 months of Level V incarceration, with credit for 10 months and 1 day for time served. The credit for 10 months and 1 day covers the 169 days (5 months and 19 days) of credit petitioner claims should have been credited on his September 2004 VOP sentence, as well as an additional 132 days (4 months and 12 days) of credit for other un-identified time served at Level V. Thus, the new VOP sentence imposed in June 2006 provides petitioner with the relief he requests in the instant claim.

Petitioner, however, attempts to establish a continuing injury stemming from the alleged miscalculation of credit in the September 2004 VOP sentence by focusing on the fact that the June 2006 VOP sentence imposes the same 2 years and 9 months of Level V incarceration as did the September 2004 VOP sentence. (D.I 26) The court

---

[3]Although the State does not address whether petitioner correctly calculated the amount of credit due for time served at Level V, the court disputes petitioner's conclusion that he is owed 169 days (5 months 19 days) of credit for time served. By re-imposing a 2 year 9 month term of Level V incarceration in September 2004, the Superior Court gave petitioner credit for the 60 days served on the 3 year sentence originally imposed in 2003, as well as an additional 30 days. Presuming petitioner's other dates and figures for time served are correct and actually eligible for credit pursuant to Delaware law, it appears that, at most, petitioner was only entitled to 79 days (2 months and 19 days) of credit, not 169 days of credit. However, given the court's conclusion that the claim is moot regardless of whether petitioner should have been credited with 169 days or 79 days, the court will use petitioner's figure of 169 days.

rejects this argument, because petitioner fails to acknowledge that the Superior Court corrected any alleged credit error in the September 2004 VOP sentence by including the 10 month and 1 day credit in petitioner's June 2006 VOP sentence. Therefore, the amount of Level V incarceration actually imposed by the June 2006 VOP sentence was 1 year 10 months and 2 days (22 months and 29 days), not 2 years and 9 months.

In short, petitioner cannot establish any continuing collateral consequences from his September 2004 sentence that have not been addressed by the June 2006 sentence. Additionally, the court cannot discern a continuing injury from the September 2004 VOP sentence that can be redressed by a favorable decision in this proceeding.[4] See, e.g., Lovett v.Carroll, 2002 WL 1461730, at 82 (D. Del. June 27, 2002). Accordingly, the court will deny claim one as moot.

### B. Claim Two: Key Program

In his second claim, petitioner argues that the operation of the Key Program in 2004 violated the First Amendment rights of prisoners and, therefore, his September 2004 VOP sentence is illegal because it required him to complete the Key Program. Petitioner concedes that he completed the Key Program, and the record reveals that the VOP sentence imposed in June 2006 did not require completion of the Key

---

[4]According to petitioner, he was re-sentenced for another violation of probation on August 28, 2006. Petitioner has not provided a copy of the August 2006 VOP sentence order, but he asserts that he was sentenced to "18 months at Level V suspended after 6 months at Level V." If, indeed, the Superior Court sentenced petitioner to 18 months of Level V incarceration in August 2006, it appears that the Superior Court may have continued to credit petitioner with time served at Level V; the 33 months of Level V incarceration imposed in June 2006, less the 10 month and 1 day credit, would leave a maximum of 22 months and 29 days of Level V incarceration.

Program.[5] (D.I. 22, ¶ 9; D.I. 29) Thus, the court cannot discern any continuing collateral consequences stemming from claim two that can be redressed by a favorable judicial decision in this federal habeas proceeding. Accordingly, the court will dismiss claim two as moot.

### C. Summary Judgment

Petitioner filed a motion for summary judgment during the pendency of this proceeding. (D.I. 28) However, given the court's foregoing conclusion that petitioner is not entitled to federal habeas relief, the court will deny his motion for summary judgment as moot.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, if a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural

---

[5]Additionally, petitioner does not allege that the August 2006 VOP sentence requires completion of the Key Program

8

ruling. Slack, 529 U.S. at 484.

The court concludes that it must dismiss the petitioner's habeas application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the claims presented therein are moot. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.